Leonard L. Finz, J.
This rather unique landlord and tenant matter addresses itself to the rights of three male occupants of certain premises with respect to each other.
In brief, petitioners, together with respondent, physically moved from their prior apartment in 1966, and into their present premises which is now the subject of this dispute. The present apartment was leased by the landlord (not a party herein) to the petitioners, at which time the petitioners deposited certain security in accordance with the lease executed by the aforesaid petitioners. Thereafter, all three gentlemen occupants continued to live together in the leased premises, each paying a one-third share of all household expenses. This ‘ ‘ arrangement ’ ’ has continued for almost five years. It now appears that there has been a “ falling out ” between petitioner *220 Reuther and respondent, and that this proceeding, although naming petitioners Halhruber and Reuther, is being pressed solely by petitioner Reuther on the theory that the respondent is a tenant-at-will and therefore subject to removal at the will of either or both petitioners. Interestingly enough, petitioner Halbruber wants to “ preserve ” the apartment “ relationship ” and does not join petitioner Reuther in his present desire to remove the respondent from the subject premises.
The issue before the court, therefore, is whether there is in law a landlord-tenant relationship actually in existence. Addressing itself to this issue, this court finds that none exists. Although a landlord-tenant relationship exists vis-a-vis, the owner of the premises and the named lessees (petitioner Halbruber and petitioner Reuther) such a relationship cannot be translated and or communicated into the present circumstances.
In the instant matter, each occupant agreed to pay a proportionate one-third share of the total expenses of the apartment including the equal apportionment of rent, food, utilities, et cetera. Notwithstanding that the respondent has Ho rights of tenancy as it relates to the lessor (the owner of the premises) he does have rights by reason of a course of conduct pursued by all three male occupants. To the extent that a relationship was pursued for five years in the manner as above described, one must conclude that the respondent was a “ partner ” in a relationship that all participants agreed to enter and pursue. The inevitable conclusion to be drawn is that the legal relationship created is not one that falls within the purview of a landlord and tenant relationship, but rather one that falls within the sphere of partnership law. Hence it can be stated that the respondent is not a tenant at the will of the petitioners as is urged by the petitioner Reuther.
Logic would dictate that the ‘1 agreeable ’ ’ petitioner Halbruber, and the respondent should voluntarily remove themselves from the premises, thereby leaving the petitioner Reuther with “ half ” a victory. The problems that such a resuL would create with respect to the legal obligations set forth in the written lease and the possible “emotional” overtones, however, might prove a deterrent to this course of action.
It appears therefore that the only legal, logical and feasible course for the petitioner Reuther to pursue would be to proceed in the Supreme Court of the State of New York and there seek equitable relief paralleling the relief available in matters involving the dissolution of a partnership. Accordingly, the petition is dismissed.