Simon J. Liebowitz, J.
This is an application for an order directing the Sheriff to put the plaintiff in possession of premises which it had obtained through a Referee in a foreclosure proceeding. The proceeding was instituted by an order to show cause which provided that it be served upon the tenants either personally or if service could not be effected per *736 sonally, then by affixing copies to the front door of the premises foreclosed and by mailing copies to the occupants at the premises.
Two tenants occupying the premises interpose affidavits in opposition which, except for the dates when they became tenants, are exact in every detail. They are both welfare recipients with many children and no place to move.
Each of the tenants contends as follows: (1) they were never served with the papers in the foreclosure action and consequently their rights as tenants were never cut off; (2) that although they and their families were at home continuously when the alleged attempts to serve the order to show cause were made, no attempt was made to serve the papers personally, or to leave them with a person on the premises, nor was any copy affixed to the front door or any part of their premises all as directed in the order to show cause, and that, in consequence, they have a right to traverse and set aside the alleged service of the order to show cause; (3) that no jurat was annexed to certain affidavits annexed to the moving papers; (4) that the affidavit of Thomas P. Miller alleges that the Referee’s deed was filed in Bronx County when in fact Kings County was the place wherein the property was located and the action pending; (5) that no report of the sale was filed with the County Clerk as required by section 1355 of the Real Property Actions and Proceedings Law; (6) that section 713 of the Real Property Actions and Proceedings Law was not complied with in that the original deed was not exhibited to the defendants and particularly that there was no evidence in the moving papers that the 10-da.y notice to quit was ever served upon them.
As to the first contention (No. 1 above) — these defendants were not tenants when the foreclosure action was instituted and a Us pendens had been filed. Hence, there was no obligation to serve the defendants in the foreclosure proceedings.
Respecting the alleged defects of service (No. 2 above), the court finds these contentions without merit. The object of all service of process is said to be to give notice to the party on whom service is made, that he may be aware of and may resist what is sought of him. It is a general rule that any service must be deemed sufficient which renders it reasonably probable that the party proceeded against will be apprised of what is going on against him and have an opportunity to defend. Here the defendants had ample notice as is evidenced by the opposition interposed. As to plaintiff’s failure to comply under section 1355 of the Real Property Actions and Proceedings *737 Law (contention No. 5 above), the court holds this to be a mere irregularity. A substantial right of the defendants herein, not being prejudiced by the failure to fully comply with section 1355, the court may disregard such irregularities (CPLR 2001; Reconstruction Finance Corp. v. Finch, 8 A D 2d 869; Long Is. City Sav. & Loan Assn. v. Brown, 33 Misc 2d 996).
The objections raised by the defendants as to the naming of Bronx County wherein the Referee’s deed was filed when in fact Kings County was where the property was located (No. 4 above), and the lack of jurat (contention No. 3 above) —this might be ascribed to negligence in the drafting of the moving papers which in the court’s opinion is not a matter of substance.
Although the court rejects the five contentions of tenants, supra, for the reasons heretofore stated, nevertheless, the court finds that the sixth contention relates to an important right which must be afforded to the tenants, and accordingly, this application must be denied as there is no showing that the defendants were served with a 10-day notice to quit as required by section 713 of the Real Property Actions and Proceedings Law.