OPINION OF THE COURT
Burton S. Sherman, J.
The respondent, a landlord, moves to dismiss for lack of subject matter jurisdiction this summary proceeding brought by an alleged lessee.
The petitioner seeks possession of a premises by virtue of *377 an oral lease. It admits that it has never been in possession of the premises, but claims that an oral lease was negotiated and all the terms and conditions were agreed upon. Petitioner relies upon sections 204 and 212 of the New York City Civil Court Act (CCA) and subdivision 10 of section 721 of the Real Property Actions and Proceedings Law (previously subd 11) as authority for maintaining this proceeding. Section 204 of the CCA confers jurisdiction upon the Civil Court of summary proceedings to recover possession of real property. Section 212 of the CCA confers upon the Civil Court the same jurisdiction as the Supreme Court "in like actions and proceedings”. Subdivision 10 of section 721 of the Real Property Actions and Proceedings Law states that a summary proceeding may be brought by "the lessee of the premises, entitled to possession”. Petitioner argues that by virtue of its oral lease, it is a lessee entitled to possession and may, therefore, maintain this proceeding. Relying on Section 212 of the CCA it seeks specific performance of the oral lease. While the language of subdivision 11 of section 721 of the Real Property Actions and Proceedings Law is susceptible to petitioner’s interpretation, the legislative history indicates that it was never intended that it be used as an alternative for an action for specific performance.
 Summary proceeding statutes were originally enacted to provide a more expeditious method for the removal of occupants from real property, than the common-law action in ejectment (Real Property Actions and Proceedings Law, § 711; Lex-56th Corp. v Morgan, 24 Misc 2d 48, app den 13 AD2d 912; cf. Michaels v Fishel, 169 NY 381). While primarily concerned with disputes between landlords and tenants their scope through the years was expanded as their use became more successful (Real Property Actions and Proceedings Law, § 721; Shaw, Practice Commentary, McKinney’s Cons Laws of NY, Book 49½, Real Property Actions and Proceedings Law, p 101). Thus in 1952 section 1414 of the Civil Practice Act was amended to add subdivision 9 to permit a new lessee of an entire premises for at least 10 years to maintain a holdover proceeding against a tenant occupant (L 1952, ch 351). This was incorporated in the Real Property Actions and Proceedings Law as subdivision 11 of section 721 (now subd 10). Subdivision 11 was later amended in 1963 (L 1963, ch 305) to permit any lessee entitled to possession to bring a summary proceeding "where a new lessee is entitled to possession and *378 the tenant holds over without the permission of the new lessee” (Report of Law Revision Commission, 1963, p 278). It was, therefore, enacted simply to permit a new lessee to maintain directly a proceeding against a holdover tenant, since prior thereto only a landlord or lessor had that right (Real Property Actions and Proceedings Law, § 721, subd 1). However, as can be seen from the legislation itself, subdivision 11 (now subd 10) of section 721 was clearly not designed to replace actions for specific performance by prospective tenant-lessees against landlords (Real Property Law, § 223-a; Trepel v Sendrovitz, 119 NYS2d 374). Finally the general rule is that courts do not grant specific performances of leases as a matter of course. Unlike cases to buy or sell land, "in the absence of special circumstances, equity insists on a showing of the inadequacy of the remedy at law” before specific performance will lie (Rasch, New York Landlord and Tenant [2d ed], § 60). To indiscriminantly permit action under subdivision 10 of section 721 of the Real Property Actions and Proceedings Law for specific performance would tend to subvert the afore-mentioned equity rule. The court concludes that the proceeding is not properly brought under the Real Property Actions and Proceedings Law. Accordingly, the petition is dismissed.