OPINION OF THE COURT
David B. Saxe, J.
This novel landlord and tenant matter involves the rights of two occupants of certain commercial premises with respect to each other. Petitioner, Hispano Americano Advertising, Inc. (Hispano), a small advertising agency, rented office space at 230 Park Avenue in Manhattan under a written lease with Helmsley Spear, Inc., dated October 8,1976. Rhoda Dryer (Dryer), an attorney, agreed to occupy one room in the suite and to pay to Hispano two thirds of Hispano’s monthly rent and two thirds of the utility charges. Since January, 1981, Dryer has not paid rent.
Dryer, apparently contending that she is not a subtenant of, but rather a cotenant, coventurer or partner in a sharing relationship with Hispano, urges the dismissal of this summary proceeding. Summary proceedings to recover possession of real property she argues, may be brought only by those persons or entities authorized by statute (see, generally, 14 Carmody-Wait 2d, NY Prac, § 90:212; Rasch, New York Landlord and Tenant [2d ed], § 1001; Dulberg v Ebenhart, 68 AD2d 323). Hispano argues that a summary proceeding is appropriate since Dryer is its subtenant and RPAPL 721 (subd 1) states a summary proceeding may be commenced by a landlord or a lessor.
*937 Hispano contends that Dryer is a subtenant and not a cotenant because she did not sign the paramount lease with Helmsley Spear, Inc. Since cotenancy involves the recognition of an interest in land (see 13 NY Jur, Cotenancy and Joint Ownership, § 19) Dryer could not be a cotenant because she never executed the five-year, five-month paramount lease (General Obligations Law, § 5-703).
The fact that Dryer did not sign the paramount lease however only defines her lack of standing and interest with respect to that lease, not her relationship with Hispano. Thus, the fact that she is not a cotenant, does not establish Hispano’s rights to maintain a summary proceeding under RPAPL 721 (subd 1), since I find that Dryer was not a subtenant.
A landlord-tenant relationship is created by contract, either express or implied. (Stern v Equitable Trust Co. of N. Y., 238 NY 267.) Continued possession or "occupancy alone are insufficient to create a relationship of landlord and tenant. (Geist v State of New York, 3 Misc 2d 714.)
The relationship between Hispano and Dryer was expressed in a letter agreement dated March 15,1979 which (a) referred to their mutual obligation to pay rent and other charges; (b) to the fact that prior to their move to 230 Park Avenue, they had rented space together in another office suite, and (c) that they had shared the expenses of carpeting and common areas of the present suite. The March 15 agreement is of particular importance because in it the parties referred to the lease with Helmsley Spear as “our present lease” and refer to “our respective share of the rent”. .
I find that no landlord-tenant arrangement existed between them, but instead a different and unique relationship.
Essentially, Dryer appears to claim that her status as defined by the March 15 agreement is that of a partner, coventurer or participant in a sharing relationship as part of a mutual plan to rent office space. I hold that no partnership was created since she and Hispano did not associate for the purpose of “carry[ing] on as co-owners a *938 business for profit” (Partnership Law, § 10, subd 1), but rather, to carry on two businesses independently.
Was a joint venture established? A joint venture has been defined as “‘a special combination of two or more persons where in some specific venture a profit is jointly sought without any actual partnership or corporate designation.’ ” (16 NY Jur 2d, Business Relationships, § 1576, p 252.) A “coagulation of property, profits, or other interests which the parties hold jointly” is the key to a joint venture. (16 NY Jur 2d, Business Relationships, § 1585, p 260.) I hold that no joint venture was established.
The March 15 agreement created instead a sharing arrangement between the parties that encompassed all the principal aspects of their relationship. Esentially, Hispano and Dryer became “commercial roommates.” (Cf. Halbruber v O’Daly, 67 Misc 2d 219.) Although, as a lawyer, Dryer knew the consequences of not signing the prime lease, her failure to do so does not diminish what, by objective standards, must be a finding of coequal status with respect to the occupied space between the parties.
Although petitioner did not raise this point, reliance may not be placed upon RPAPL 721 (subd 10) which states that a summary proceeding may be brought by “[t]he lessee of the premises, entitled to possession.” The legislative history of that section indicates that it was enacted simply to permit a new lessee to maintain directly a proceeding against a holdover tenant, which is clearly not the case here. (Gardens Nursery School v Columbia Univ. in City of N. Y., 94 Misc 2d 376.)
The proceeding is therefore not properly brought under the RPAPL and accordingly the petition is dismissed.