OPINION OF THE COURT
Richard S. Lane, J.
Respondent’s motion to vacate judgment by inquest attacks both subject matter and personal jurisdiction.
Pursuant to a co-operative conversion plan in 1981, respondent subscribed to and purchased the shares allocated to his apartment in premise 35 East 85th Street. His purchase was subject to financing provided by the sponsor for the unpaid balance of the subscription price. By the spring of 1983 he was substantially in arrears on both his loan payments and his maintenance payments. After several notices of default were ignored, the sponsor exercised its right in the subscription loan note and security agreement to sell respondent’s shares. Petitioner was the purchaser and subsequently commenced the within holdover proceeding which respondent also ignored.
With respect to subject matter jurisdiction, respondent’s attack is premised on the conceded failure by petitioner to serve any notice of termination pursuant to section 232-a of the Real Property Law or notice to quit pursuant to RPAPL 713.
Section 232-a of the Real Property Law is patently inapposite since, whatever respondent’s status, he was *720 certainly not a month-to-month tenant. Nor was he a squatter entitled to a 10-day notice to quit under RPAPL 713 (subd 3), since he entered possession with permission pursuant to lease. Rather he was a tenant holding over after the termination of his lease pursuant to its own terms; sections 31(j) and 32(c) of the proprietary lease; section 14(c) of the subscription loan note and security agreement. Petitioner’s holdover proceeding therefore was brought under RPAPL 711 (subd 1) and 721 (subd 10) (see Gardens Nursery School v Columbia Univ., 94 Misc 2d 376). Accordingly, no further notice of termination was necessary (2 Rasch, NY Landlord & Tenant, Summary Proceedings [2d ed], § 1018).
Federal Nat. Mtge. Assn. v Graham (67 Misc 2d 735) and other true foreclosure cases cited by respondent are not to the contrary. No title to real property has changed hands in a foreclosure sale here making RPAPL 713 (subd 5) applicable.
Respondent’s attack on in personam jurisdiction, on the other hand, may not be determined as a matter of law on papers, and accordingly, the motion is granted only to the extent of setting the matter down for traverse in Part 49 on December 1, 1983.