OPINION OF THE COURT
Richard S. Lane, J.
Respondent herein moves to be restored to possession.
Petitioner was and is the tenant of apt. 6NC at 135 Central Park West. He brought this holdover summary proceeding premises on termination of respondent’s alleged month-to-month subtenancy by a 30-day notice. At the close of evidence in the first trial in 1985, the court directed a verdict for petitioner. A warrant was issued and was subsequently executed when respondent apparently failed to adequately comply with conditions of a stay pending appeal issued by the Appellate Term. Eventually and in April 1986, the Appellate Term reversed and ordered a new trial holding that there were questions for the triers of fact as to whether the parties took possession and conducted themselves as joint tenants as opposed to the alleged subtenancy.
*202 The new trial came on before me in June 1987. In limine petitioner sought to amend to add a cause of action for termination of a license and respondent sought to amend to assert a counterclaim for restoration and for damages for wrongful eviction. I refused to allow any added issues. The trial resulted in a jury verdict in favor of respondent and then this motion ensued.
Respondent’s position is that an eviction even pursuant to warrant is rendered unlawful when the underlying judgment for possession is vacated or reversed and restoration to possession is legally mandated.
Petitioner’s position is that nothing was decided here except that there was no subtenancy relationship between the parties and that the rights and appropriate remedies between them remain to be litigated in the pending Supreme Court action. In that action respondent as plaintiff has sued for a declaration of constructive trust, restoration, damages and other relief.
In support of his position respondent relies on the seminal case of Golde Clothes Shop v Loew’s Buffalo Theatres (236 NY 465), wherein tenant brought an action for ejectment after landlord’s judgment in a summary proceeding had been reversed. In the ejectment action landlord interposed an equitable defense premised on demolition and improvements after possession had been obtained. In rejecting the defense Judge Cardozo stated (at 470): "The plaintiff, suing at law, shows itself to be the owner of a legal estate, and asks to be restored to the possession of that which is its own * * * ’A court of equity cannot divest legal titles, except in accordance with its settled and acknowledged jurisdiction’ * * * One does not lose what is one’s own because its utility would be greater if awarded to someone else * * * We are told that the defendant rested upon an order of a court. The prop was insecure, and warning was not lacking of the danger of collapse. When the order was reversed and the proceeding dismissed, rights and duties were reestablished, inter partes, as if no order had been made”.
The progeny of Judge Cardozo’s incisive words have been numerous. Among those cited by respondent are Maracina v Shirrmeister (105 AD2d 672); Dzubey v Teachers Coll. (87 AD2d 783); Tocheff v Johnson (NYLJ, Mar. 5, 1987, at 13, col 4 [App Term, 1st Dept]); Leland House v Wigfall (98 Misc 2d 355 [App Term, 1st Dept]); 7402 Bay Parkway Assoc. v Diamond *203 (116 Misc 2d 403); Matter of Albany v White (46 Misc 2d 915); Matter of Marluted Realty v Decker (46 Misc 2d 736); but see Friends of Yelverton v 163rd St. Improvement Council (135 Misc 2d 275).
I have no quarrel with any of these cases but find them inapposite to resolution of the instant motion. In all of them the party seeking restoration had previously been a tenant possessing a legal estate in the premises. Respondent on the other hand testified, argued and won here precisely because he satisfied the jury that he was not petitioner’s tenant. Rather, he asserted that he and petitioner entered into possession together sharing equal rights and obligations.
The appellation employed by the Appellate Term to describe the putative relationship of the parties was "joint tenants”. It is troublesome because it connotes a grant of a legal estate to two or more persons with right of survivorship. Equally troublesome is the phrase often loosely used at trial of cotenants. More appropriate would be the descriptive phrases of coventures or partners used in the cases relied upon by the Appellate Term in remanding for a new trial (Matter of Hispano Am. Adv. v Dryer, 112 Misc 2d 936; Halbruber v O'Daly, 67 Misc 2d 219).
Viewed in this light respondent’s application to be restored does not invoke the court’s inherent power under CPLR 5015 to grant relief from its own judgment. Nor does it stem from legal rights established in a summary proceeding or action for wrongful eviction under RPAPL 713 (10) or 853. Rather it seeks in equity a declaration of rights and mandatory injunction — precisely the relief sought in the pending Supreme Court action between the parties and relief which is beyond the limited jurisdiction of the Civil Court.
The court is being too modest, argues respondent referring to CCA 212. That section grants to the Civil Court all the powers that the Supreme Court would have had in like actions and proceedings. Have generations of Judges and lawyers been napping? No! That section is not a catch-all grant of equitable jurisdiction. The powers granted are procedural and interstitial, not substantive, and are exercisable only in matters properly before this court (Rottenberg v Cirillo, 58 Misc 2d 309; Kwoczka v Dry Dock Sav. Bank, 52 Misc 2d 67).
The court is depriving me of the fruits of my victory, argues respondent. Not so! In the Supreme Court action petitioner is no longer free to defend on the basis of a landlord-tenant *204 relationship and indeed may even no longer be free to defend against liability. The issues there may have been reduced to the nature and extent of the remedy.
Even if I had the power, I would be disinclined to order restoration. The blood is now bad between these former close friends. To order them once again to live together and share common facilities would be a sadistic act; not an equitable one. The more appropriate remedy, in my opinion, would be damages (see, Third City Corp. v Lee, 41 AD2d 611; see, Hogan v Podell, NYLJ, Sept. 2, 1986, at 6, col 4). That, however, is an argument for another day and another forum.