■ CITIBANK, N. A., Respondent, v HERBERT SCHIMKUS et al., Defendants, and WILLI VOLLERTHUN, Appellant. JULIUS NOWAK et al., Intervenors-Respondents. [647 NYS2d 252] —In an action to foreclose a mortgage on real property, the defendant Willi Vollerthun appeals (1) from an order of the Supreme Court, Suf-

folk County (Gerard, J.), dated November 10, 1994, which denied his motion to set aside a foreclosure sale, and (2) as limited by his brief, from so much of an order of the same court, dated June 5, 1995, as, upon granting his motion to renew, adhered to the original determination.

Ordered that the appeal from the order dated November 10, 1994 is dismissed, as that order was superseded by the order dated June 5, 1995, made upon renewal; and it is further,

Ordered that the order dated June 5, 1995, is affirmed insofar as appealed from; and it is further,

Ordered that the intervenors are awarded one bill of costs.

The Supreme Court correctly determined that the properly executed affidavit of service raised a presumption that the notice of the foreclosure sale was properly mailed, and that the appellant's affidavits failed to raise any issue of fact sufficient to rebut that presumption (see, CPLR 2103 [b] [2]; *Engel v Lichterman,* 62 NY2d 943, 944-945; *Deygoo v Eastern Abstract Corp.,* 204 AD2d 596; *Andersen v Mazza,* 193 AD2d 898; compare, *Morgan v Long Beach Entertainment Complex,* 125 AD2d 378; *Vita v Heller,* 97 AD2d 464).

The Supreme Court providently exercised its discretion in determining that the printing of the incorrect index number and the listing of a bidding amount in the published notice of the foreclosure sale were de minimis irregularities which should be ignored as the appellant failed to present any evidence of prejudice (see, RPAPL 231 [6]; *Hanover Funding Co. v Keri Assocs.,* 180 AD2d 945, 946).

The Supreme Court also providently exercised its discretion in disregarding the Referee's late filing of the report of sale (see, RPAPL 1355 [1]; *Reconstruction Fin. Corp. v Finch,* 8 AD2d 869; *Federal Natl. Mtge. Assocs. v Graham,* 67 Misc 2d 735; see also, *Fidelity Bond & Mtge. Co. v Lucas,* 135 AD2d 778).

We have reviewed the parties' remaining contentions and find them to be without merit. O'Brien, J. P., Thompson, Altman and Krausman, JJ., concur.