Per Curiam.

The trial court erred in assessing treble damages against landlords for forcible detainer of the tenant (Real Property Actions and Proceedings Law,. § 853). Landlords procured a judgment of possession for nonpayment of rent, and tenant’s eviction was effected by a City Marshal and his representatives, acting under the mandate of a warrant of eviction. While there is no question but that the landlords are liable for compensatory damages (the eviction having subsequently been found to be illegal because of lack of service of process) there was insufficient basis for finding landlords additionally liable under section 853 of the Real Property Actions and Proceedings Law. Since the City Marshal was acting under color of authority, his conduct — chargeable to landlords — is to be measured against the same standard to be applied where he acts under valid authority, and liability for forcible entry and detainer attaches only where there is shown actual or threatened violence tending to a breach of the peace, or an abuse of authority. In dismissing landlords’ third-party complaint against the Marshal, the trial court found that there was no violence or abuse of authority in the execution of the warrant. Assuming that an award of treble damages could be sustained, apart from section 853 of the Real Property Actions and Proceedings Law, as *576 exemplary damages (see, Walker v. Sheldon, 10 N Y 2d 401; I.H.P. Corp. v. 210 Cent. Park South Corp., 12 N Y 2d 329), there was an insufficient showing of malice or abuse of process on the part of landlords, in the procurement of the invalid warrant, to support such an award herein.
In view of the award of substantial damages for living expenses during the period this statutory tenant was out of possession, the further award of damages for loss of use and occupancy was excessive. Farther, it clearly appears that there was a miscalculation of damages resulting in a double award of the amount for loss of occupancy.
The judgment should be modified on the law and the facts, to the extent of decreasing the recovery thereof to the sum of $1,857.35, and as modified, affirmed, without costs.
Concur — G-old, J. P., IIecht and Hofstadter, JJ.
Judgment modified, etc.