■ THIRD CITY CORP., Appellant, v. PUTNAM LEE, Respondent.— Order of the Appellate Term of the Supreme Court, First Department, entered June 16, 1972, affirming an order of Civil Court of the City of New York, New York County, entered January 6, 1972, vacating respondent's default, unanimously reversed, on the law and on the facts, without costs and without disbursements, and respondent's motion to vacate the default judgment entered against him denied, without prejudice, however, to any of respondent's rights in a pending Supreme Court action against appellant and another. The stay dated September 15, 1972, and continued by order of this court entered on October 17, 1972, is vacated. A summary dispossess proceeding was instituted against respondent-tenant for nonpayment of rent. Service of process was

effected by constructive service. When respondent defaulted in pleading, a final judgment was entered and a warrant of eviction issued and executed. After the premises were relet, respondent moved to vacate the default judgment alleging, *inter alia*, that he never received a copy of the petition and notice of petition. The motion was granted to the extent of vacating the judgment and directing a trial. The Appellate Term affirmed said order without opinion. Although we agree with the courts below that the Civil Court may grant relief, in appropriate circumstances, from its own judgments or orders (CCA, § 212; CPLR 5015), even after execution of a warrant, we conclude that it should not have been granted in this proceeding. In seeking relief from his default, respondent did not join the new tenant as a party and he seeks no affirmative relief from the Civil Court. Instead, respondent has commenced a lawsuit in the Supreme Court seeking damages of over $1,000,000 from appellant and $50,000 from the new tenant. It therefore clearly appears that respondent does not desire to be restored as a tenant, and that he will now merely deposit his past-due rent in court and obtain a dismissal of the nonpayment proceeding to bolster his damage suit. Resort to the Civil Court solely for this limited purpose should not be permitted. Respondent's grievance can be fully litigated in his pending Supreme Court action, the merits of which we do not pass upon, and our disposition herein is specifically made without prejudice thereto. Concur — McGivern, J. P., Nunez, Murphy, Capozzoli and Macken, JJ.