■ CLARENCE DZUBEY, Respondent, v TEACHERS' COLLEGE, Appellant. — Order, Supreme Court, New York County (Klein, J.), entered April 9, 1981, which granted plaintiff's motion for summary judgment on his first cause of action and granted defendant's cross motion for leave to serve an amended answer, affirmed, without costs or disbursements. Plaintiff was removed from his apartment pursuant to a warrant of eviction issued as a result of his

alleged failure to pay rent. Appellate Term reversed the judgment awarding possession, on the ground that it was not supported by evidence of nonpayment. The premises, however, were no longer habitable inasmuch as the landlord, defendant herein, had begun to renovate the premises with various housing grants. Appellate Term found that since it could not restore the tenant to possession he was relegated to an action for damages for wrongful eviction. Plaintiff subsequently instituted this action and sought recovery for wrongful eviction, treble damages for forceful eviction, and attorney's fees. Both parties moved for summary judgment, and defendant also moved for leave to serve an amended answer. Special Term granted partial summary judgment on liability only on plaintiff's first cause of action, finding that since Appellate Term had ruled on the question, the only issue on the wrongful eviction claim was damages. On appeal defendant claims that wrongful eviction is a statutory cause of action (RPAPL 853) which requires a showing of force and that Appellate Term never determined this issue, but decided only that plaintiff's sole recourse was an action for damages for wrongful eviction, since restoring him to possession could not be accomplished. Wrongful eviction is not a purely statutory cause of action. In *Golde Clothes Shop v Loew's Buffalo Theatres* (236 NY 465) the Court of Appeals enforced the right of an ousted tenant to sue at law for restitution to premises from which it had been evicted under a judgment of possession, which had been subsequently reversed. The landlord, citing improvements in the demised premises made at great expense and claiming hardship in the event of ouster, contended that the tenant should be relegated to an action for the recovery of damages. Although impliedly recognizing that damages were available for the obliteration of plaintiff's legal estate, the court awarded plaintiff possession because in an action at law it was not free "in its discretion to concede or to withhold" the relief requested. (*Supra,* pp 468-469.) We do not find applicable the rule espoused in *Liza Co. v Mark Hellinger Theatre* (28 AD2d 831), that "one may not recover damages caused by the entry of a judgment 'erroneously granted unless the case was one of malicious prosecution' ". (*Supra,* at p 832, citing *City of Yonkers v Federal Sugar Refining Co.,* 221 NY 206, 208.) Plaintiff is seeking a restoration in damages of his contractual rights, which had been taken from him by the subsequently vacated judgment of possession. As noted in *Golde Clothes Shop v Loew's Buffalo Theatres* (*supra,* pp 470, 471), "When the order [of eviction] was reversed and the proceeding dismissed, rights and duties were re-established, *inter partes,* as if no order had been made", with the result that "restitution will be enforced in such circumstances, either through ejectment or its equivalent, at the instance of a tenant unlawfully evicted". Plaintiff has a present contractual right to possession of the premises, but he has been prevented from exercising that right by the actions of the landlord. Although damages may not be awarded because an injunction was wrongfully obtained unless the case is one of malicious prosecution (see *City of Yonkers v Federal Sugar Refining Co., supra,* at p 208), when rights and duties have been re-established after litigation, a party is entitled to seek restitution for any wrongful deprivation, even if the deprivation resulted from a court order upon which its adversary relied. Moreover, the party may elect either to seek restoration to the premises or damages. (See *Golde Clothes Shop v Loew's Buffalo Theatres, supra; Bucket Shoppes v Mayer,* 66 Misc 2d 252.) We reject defendant's contention that Appellate Term did not address the issue of whether plaintiff was wrongfully evicted. Appellate Term found that defendant was not entitled to the judgment of possession, and that except that the premises were no longer habitable, it would have restored the "wrongfully removed tenant" to possession. Finally, we note that the order appealed from provides that service of a copy thereof

with notice of entry would constitute service of the amended answer. In so providing Special Term mistakenly believed that a copy of the proposed answer had been annexed to defendant's cross motion. Resettlement of Special Term's order to provide for service of an amended answer would appear appropriate. Concur — Kupferman, J. P., Sullivan, Carro and Silverman, JJ.