(November 29, 1984)

■ RICHARD P. MARACINA et al., Appellants-Respondents, v ANDREW C. SHIRRMEISTER, JR., et al., Respondents-Appellants. — Order of the Supreme Court, New York County (Allen Murray Myers, J.), entered on August 15, 1983, which denied, with leave to renew after discovery, plaintiffs' motion for partial summary judgment on the issue of liability and for a direction that the matter be set down for an assessment of damages and denied defendants' cross motion for summary judgment dismissing the complaint, is modified, on the law, to the extent of granting plaintiffs' motion for partial summary judgment on the issue of liability and the matter remanded for an assessment of damages, and otherwise affirmed, without costs or disbursements.

Defendant landlord obtained a warrant of eviction pursuant to a default judgment in a summary dispossess proceeding. Subsequently, the tenants, plaintiffs herein, who had occupied the fourth-floor premises at 30 Vesey Street in Manhattan pursuant to a written commercial lease for a seven-year term commencing April 1, 1977, moved in Civil Court to vacate the default. Following an evidentiary hearing, the court (Ira Gammerman, J.) determined that the tenants had not been properly served with process and, in an order dated September 4, 1981, granted the motion to vacate the default, vacated the default judgment and the warrant of eviction and dismissed the landlord's petition seeking possession. The tenants thereafter instituted the present action for wrongful eviction and, based upon the Civil Court ruling, moved for partial summary judgment on the issue of liability. In that connection, plaintiffs relied upon the decision by the Appellate Term, First Department, in *Brandt v De Kosenko* (57 Misc 2d 574), which found the landlords therein to be liable to the tenant for compensatory damages arising out of their having procured a judgment of possession for nonpayment of rent causing her eviction to be effected by a city marshal and his representatives under the mandate of a warrant of eviction later determined to be illegal due to lack of service of process.

Special Term, however, in denying plaintiffs' motion, concluded that the tenants in the instant matter were not entitled to partial summary judgment since in *Brandt* the tenant had prevailed only after trial. Special Term also made reference to the impleader action brought by the defendants against the process server and the city marshal as another reason why partial summary judgment would be inappropriate.

However, the Civil Court proceeding has already established that the eviction which is the subject of the present action was wrongful. Once a question of ultimate fact has been determined by a valid and final judgment, the doctrine of collateral estoppel holds that that issue cannot again be litigated between the same parties in any future lawsuit. (*Matter of McGrath v Gold,* 36 NY2d 406; *Ashe v Swenson,* 397 US 436.) A judgment of possession in favor of the landlord which is later reversed or vacated renders the resultant eviction unlawful, and the tenant is thereby entitled to be restored to the premises and to damages. (*Dzubey v Teachers' Coll.,* 87 AD2d 783.) While defendants contend that there is no factual basis in plaintiffs' complaint for a cause of action under RPAPL 853 for forcible or unlawful entry or detainer, this statute was amended in 1981 and is applicable to the present case in its amended form. RPAPL 853 now authorizes a cause of action for ejectment from real property which has occurred in an "unlawful manner" or by "unlawful means". Even assuming that the arrival of a city marshal, movers, and uniformed police officers to evict the tenants does not constitute reliance upon physical force, RPAPL 853 no longer requires that the use of physical force be demonstrated. Moreover, wrongful eviction is not a purely statutory cause of action. (*Dzubey v Teachers' Coll., supra.*) At any rate, the issue of the punitive and compensatory damages and legal fees, if any, to which plaintiffs are entitled is a matter to be resolved on an assessment of damages. As to the question of defendants' suit against the process server and the city marshal, the landlord's liability to plaintiffs is not affected by the outcome of the third-party action.

While there is merit to defendant's contention that the third, fourth, fifth, eighth, ninth and tenth causes of action do not constitute cognizable causes of action but merely set forth a demand for damages the complaint should be viewed liberally, and the damage claims contained in the defective causes of action should be considered elements of the causes of action which are sufficiently pleaded so that proof as to these matters may be admitted at the assessment of damages. Concur — Murphy, P. J., Ross, Carro, Milonas and Alexander, JJ.