■ ELEANOR KOLOMENSKY et al., Appellants, v ARTHUR C. WIENER, Doing Business as MYRA REALTY Co., et al., Respondents, et al., Defendants.—In an action, *inter alia,* to recover damages for wrongful eviction and conversion, the plaintiffs appeal (1) from so much of an order of the Supreme Court, Kings County (Rader, J.), entered August 5, 1986, as denied those branches of their motion which were to strike the defendant Solimine's third affirmative defense and the defendant Wiener's second affirmative defense with respect to the first, fifth and sixth causes of action, and dismissed the complaint insofar as it is asserted against the defendant Solimine and the first, fifth and sixth causes of action insofar as they are asserted against the defendant Wiener, and (2) from an order of the same court, entered December 16, 1986, which denied their motion for renewal.

Ordered that the order entered August 5, 1986, is affirmed insofar as appealed from, and the order entered December 16, 1986, is affirmed, with one bill of costs.

On or about June 29, 1984, Eleanor Kolomensky returned from a two-week vacation to find that her belongings had been removed from her apartment and the locks on the door had been changed. She and her husband, the appellants herein, later discovered that their landlord, Arthur Wiener, had obtained a default judgment of eviction in a holdover proceeding commenced in April of 1984 on the ground that they had refused to execute a renewal lease. After obtaining alternate housing, they brought an action alleging improper service of the notice of petition and petition in the holdover proceeding which resulted in the eviction. On February 21, 1985, the Civil Court of the City of New York, Kings County, granted a

motion for a hearing with respect to service of process. However, at the hearing, the plaintiffs stated they no longer sought possession of the premises. On June 24, 1985, the Civil Court denied the appellants' motion to vacate their default in appearing in the holdover proceeding, holding that the appellants' motion to vacate the default judgment in the landlord's favor was denied without prejudice to a wrongful eviction action, because the appellants did not seek to be restored to possession. On or about September 19, 1985, the appellants brought the instant action.

The appellants contend that the Supreme Court erred in not considering the six-month extension of the Statute of Limitations provided for in CPLR 205 (a) as applicable to the facts in the instant case. It is undisputed that the appellants' motion to vacate their default was brought less than one year after the eviction, in good faith and in the honest belief that it was a mandatory prerequisite to maintaining an action to recover damages for wrongful and retaliatory eviction in the Supreme Court. However, the Supreme Court action was brought after one year had passed but within six months of the denial by the Civil Court of the appellants' motion to vacate the default judgment.

Although the function of CPLR 205 (a) is to ameliorate the potentially harsh effect of the Statute of Limitations in certain cases and to avoid dismissals for technical defects, and should be construed liberally (*George v Mt. Sinai Hosp.*, 47 NY2d 170), that provision is not applicable in this instance.

The appellants mistakenly brought this action in the Civil Court when they should have gone directly to the Supreme Court (*see, Third City Corp. v Lee*, 41 AD2d 611; *T.E.G. Mgt. Corp. v Collins*, NYLJ, Apr. 24, 1985, at 14, col 1; *La Penna v Espinosa*, NYLJ, May 20, 1985, at 16, col 3). There is no reason why the action in the Supreme Court could not have been brought simultaneously with the motion in the Civil Court. Thus, the appellants created the delay themselves.

Nor do we find merit in the appellants' claim that a cause of action to recover damages for wrongful eviction under RPAPL 853 is governed either by CPLR 213 (1) or CPLR 214 (2). CPLR 213 (1) provides a six-year Statute of Limitations for causes of action with no other Statute of Limitations and CPLR 214 (2) provides a three-year Statute of Limitations for actions to recover upon a liability, penalty or forfeiture created or imposed by statute. The appellants' claim does not fall within the ambit of CPLR 214 (2) since a cause of action to

recover damages for wrongful eviction has been recognized at common law and thus is not purely statutory *(Maracina v Shirrmeister,* 105 AD2d 672; *Dzubey v Teachers' Coll.,* 87 AD2d 783), and courts of this State have repeatedly held the provisions of CPLR 214 (2) do not apply to liabilities existing at common law which have been recognized or implemented by statute *(Aetna Life & Cas. Co. v Nelson,* 67 NY2d 169). Instead, we find that the causes of action under RPAPL 853 warrant applying a one-year Statute of Limitations due to the fact that they seek to recover for an intentional tort *(see, Davis v St. Joseph's Children's Servs.,* 99 AD2d 960, *affd* 64 NY2d 794; *Sears, Roebuck & Co. v Enco Assocs.,* 43 NY2d 389; *Trott v Merit Dept. Store,* 106 AD2d 158; *Schulman v Krumholz,* 81 AD2d 883).

Lastly, we find no merit to the appellants' claim that since the duties and methods of compensation of a Sheriff and a City Marshal of the City of New York are significantly different, the one-year Statute of Limitations upon claims against a Sheriff under CPLR 215 (1) does not also apply to City Marshals. The CCA 1609 (1), in pertinent part, reads:

"General powers, duties and liabilities of marshals * * *

"all provisions of law relating to the powers, duties and liabilities of sheriffs * * * in respect to the taking and restitution of property, shall apply to marshals".

A simple juxtaposition of these two statutes makes it very clear that the Legislature intended the one-year Statute of Limitations to extend to City Marshals as well as to Sheriffs *(Eckstein v Massachusetts Bonding & Ins. Co.,* 281 NY 435, *rearg denied* 282 NY 590). Rubin, J. P., Kooper, Sullivan and Harwood, JJ., concur.