■ NEREIDA HERNANDEZ, Individually and as Guardian of MARITSA FELICIANO et al., Infants, Respondents, v MARC NELSON et al., Appellants.—In an action, inter alia, to recover damages for wrongful eviction, the defendants appeal from an order of the Supreme Court, Kings County (Lodato, J.), dated December 3, 1987, which granted the plaintiffs' motion for partial summary judgment on the issue of liability for wrongful eviction.

Ordered that the order is affirmed, with costs.

The plaintiffs were evicted from their apartment by a Marshal pursuant to a warrant issued in a proceeding in the

Civil Court, Kings County, for the nonpayment of rent. Nereida Hernandez subsequently moved to vacate the default judgment entered in favor of her landlord, the defendant Marc Nelson Associates. After a hearing, the Civil Court, Kings County (Weinberg, J.), by order dated April 15, 1985, vacated the default judgment and awarded her possession of the apartment, finding that she was "a victim of fraudulent and unconscionable conduct on the part of this landlord". The Civil Court judgment was affirmed on appeal to the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts. The plaintiffs instituted the instant action in Supreme Court against the defendants for damages relating to the eviction and successfully moved for partial summary judgment on the issue of the defendants' liability for wrongful eviction.

The court properly granted the plaintiffs' motion for partial summary judgment based on the doctrine of collateral estoppel. The Civil Court proceeding established that the plaintiff Nereida Hernandez was wrongfully evicted. That determination is controlling in the absence of a showing by the defendants that they were denied a full and fair opportunity to litigate the issue in the Civil Court (see, Ryan v New York Tel. Co., 62 NY2d 494; Schwartz v Public Adm'r of County of Bronx, 24 NY2d 65; Maracina v Shirrmeister, 105 AD2d 672).

The individual defendant Marc Nelson contends that he should not be estopped from litigating this issue because he was not named as a party in the Civil Court proceeding. However, the doctrine of collateral estoppel applies to those in privity with a party against whom an issue was decided in a prior action. In response to the plaintiffs' motion, Nelson had to establish that he did not have a full and fair opportunity to litigate this issue (see, Ryan v New York Tel. Co., supra; North Fork Hous. Guild v Mackay, 97 AD2d 433). The defendants did not deny the allegation in the plaintiffs' complaint that Nelson is a principal of Marc Nelson Associates and managing agent of the subject building. In a deposition, Nelson referred to his rent records for the building and stated that he had left the plaintiff Nereida Hernandez a lease for the apartment with the superintendent and had offered her another apartment for the same rent after her eviction. Nelson failed to submit an affidavit to rebut the obvious inference that he was a principal of Marc Nelson Associates. The conclusory allegation in an attorney's affirmation that the two defendants have different interests was insufficient to create an issue of fact, and the doctrine of collateral estoppel was properly invoked

against both defendants. Kooper, J. P., Sullivan, Harwood and Balletta, JJ., concur.