OPINION OF THE COURT
Memorandum.
Order denying plaintiff’s cross motion for summary judgment affirmed, without costs.
Order granting defendant’s motion for summary judgment unanimously modified by denying summary judgment as to plaintiff’s cause of action to° recover for excess moneys collected by defendant pursuant to an execution and, as so modified, affirmed, without costs.
*656 The lower court held that plaintiffs actions against the defendant, a City Marshal, were barred by the one-year Statute of Limitations set forth in CPLR 215 (1). However, one of plaintiffs causes of action was based upon the failure of the defendant to turn over excess moneys collected upon an execution. A review of the applicable statutes and case law reveals that said action came under the three-year Statute of Limitations set forth in CPLR 214.
CPLR 215 states in relevant part as follows:
"Actions to be commenced within one year: against sheriff, coroner or constable; for escape of prisoner; for assault, battery, false imprisonment, malicious prosecution, libel or slander; for violation of right of privacy; for penalty given to informer; on arbitration award.
"The following actions shall be commenced within one year:
"1. an action against a sheriff, coroner or constable, upon a liability incurred by him by doing an act in his official capacity or by omission of an official duty, except the nonpayment of money collected upon an execution” (emphasis added).
The exclusion of an action to recover money collected upon an execution of judgment from the one-year Statute of Limitations set forth in CPLR 215 is consistent with CPLR 214 which provides a three-year Statute of Limitations for such an action.
CPLR 214 states in relevant part as follows:
"Actions to be commenced within three years: for non-payment of money collected on execution; for penalty created by statute; to recover chattel; for injury to property; for personal injury; for malpractice other than medical * * * malpractice; to annul a marriage on the ground of fraud.
"The following actions must be commenced within three years:
"1. an action against a sheriff, constable or other officer for the non-payment of money collected upon an execution”.
In Kolomensky v Wiener (135 AD2d 505) the Appellate Division, Second Department, held that the one-year Statute of Limitations contained in CPLR 215 (1) is applicable to City Marshals. The court reasoned that because CCA 1609 (1), which sets forth the general powers, duties and liabilities of Marshals, provides that "all provisions of law relating to the powers, duties and liabilities to sheriffs * * * in respect to the *657 taking and restitution of property, shall apply to marshals”, the Legislature intended CPLR 215 to apply to Marshals as well as Sheriffs. Applying this same rationale, it is suggested that CPLR 214 is also applicable to Marshals. In Frankel v Elias (60 How Prac 74 [1880]), the New York Superior Court held that a motion to compel a Sheriff to account for proceeds of property sold on execution and to pay over the surplus to the defendant did not fall under the one-year Statute of Limitations prescribed by section 385 of the Code of Civil Procedure (now CPLR 215 [1]), but under the three-year limitation set forth in section 383 of the Code of Civil Procedure (now CPLR 214 [1]). In light of the decision in Frankel, it appears that CPLR 214 governs the plaintiff’s action. Accordingly, the action is not time barred.
Kassoff, P. J., Pizzuto and Williams, JJ., concur.