OPINION OF THE COURT
Memorandum.
Appeal from the order entered on February 16, 1995 is dismissed without costs.
Judgment unanimously reversed without costs and the complaint dismissed.
Cross appeal from the trial court’s ruling which denied plaintiffs motion for a directed verdict dismissed without costs.
It is undisputed that plaintiff originally resided in the Clark wing of the St. George Hotel in 1976. Due to the condition of the premises, landlord requested plaintiff to move out of the Clark wing and offered him a room in the Studio wing. Plaintiff accepted the offer and moved into room 618 of the Studio wing *781 in February 1979. After plaintiff relocated to this wing, the services to the St. George Hotel began to deteriorate. Finally, in February 1982 the New York City Department of Buildings issued an order directing the tenants to vacate and the landlord to repair the premises. Plaintiff vacated the premises in February but the premises have not been repaired and he has not been restored to possession. In 1985, plaintiff purchased a cooperative apartment located in Brooklyn, New York, and at the time of trial, he still resided at this premises.
Plaintiff commenced this action in July 1988 by service of summons and complaint seeking to recover damages for constructive eviction, intentional infliction of emotional distress and breach of warranty of habitability. In addition, plaintiff sought to recover damages relating to his exposure to asbestos as a first cause of action alleged in the complaint but no proof was offered at the trial relating to this claim. The third cause of action alleged that plaintiff had no adequate remedy at law. In conforming the pleadings to the proof the court below found that plaintiff had a claim for conversion against the defendants. After a lengthy trial, the jury found that plaintiff sustained $125,800 in actual damages and awarded him $3,750,000 in punitive damages. However, pursuant to defendants’ motion to set aside the verdict, the court below reduced the amount of punitive damages awarded to plaintiff to the sum of $1,000,000.
The second cause of action, which states a claim for intentional infliction of emotional distress, is an intentional tort governed by a one-year Statute of Limitations (see, CPLR 215; Klishwick v Popovicki, 186 AD2d 173; Hansen v Petrone, 124 AD2d 782). It is undisputed that the instant action was commenced in July 1988 more than six years after plaintiff was ordered to vacate the premises. More than one year elapsed from the time the cause of action accrued and this claim is time barred.
The fourth cause of action, which alleged a claim based on constructive eviction, is actually one for wrongful eviction and is also governed by a one-year Statute of Limitations (Jones v City of New York, 161 AD2d 518). The court below rejected defendants’ contention that the cause of action accrued immediately when plaintiff vacated the premises in February 1982 pursuant to an order to repair and vacate the premises issued by the New York City Department of Buildings, and determined that the Statute of Limitations was tolled because plaintiff evinced an expectation and intention to return to the *782 premises. We need not address the issue of whether or not the cause of action accrued immediately or if it had been tolled as the lower court determined. The record clearly indicates that plaintiff purchased a cooperative apartment and moved into the premises in July 1985. Thus, even if we were to accept the conclusion of the court below that the Statute of Limitations had been tolled, nonetheless, as of July 1985 it was apparent that plaintiff no longer exhibited an expectation or an intention to return to the premises. Therefore, as of that date, the one-year Statute of Limitations began to run and the cause of action which was commenced almost three years later would have been time barred.
The plaintiff’s fifth cause of action which states a claim for breach of warranty of habitability is governed by a six-year Statute of Limitations (CPLR 213 [2]; Sprague v Luna Park Coop., 83 AD2d 877). Plaintiff seeks an abatement of rent in an amount to be determined by a jury. However, it is uncontroverted that plaintiff ceased paying rent in 1981. A prerequisite to maintaining a breach of warranty of habitability claim is the obligation to pay rent (Westway Plaza Assocs. v Doe, 179 AD2d 408, 410). Under the circumstances, plaintiff is not entitled to an abatement of rent since no rent had in fact been paid by tenant.
While the original complaint did not include a claim for conversion and no motion was made in the court below, by plaintiff to amend or supplement the pleadings, the court added this cause of action after trial based upon plaintiff’s testimony that his personal property was removed from his room in the Studio wing in 1991. However, we find that the court abused its discretion in conforming the pleadings to the proof so as to allow plaintiff to assert a claim for conversion. The testimony adduced at trial establishes that more than three years elapsed from the time the incident occurred to the date the amendment was made. Thus, the claim would have been barred had a separate action been commenced. Furthermore, the original pleading could not have put defendant on notice so as to relate the claim back for Statute of Limitations purposes since the alleged conversion did not take place until after the action was commenced (CPLR 203; McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C203:ll, at 163).
We further find that there is no basis to consolidate this action with a prior nonpayment proceeding commenced by landlord in 1981 in order to avoid the consequence of a dismissal on Statute of Limitations grounds. Finally, we note that *783 the third, cause of action alleged in the complaint is insufficient and fails to state a claim.
Aronin, J. P., Chetta and Patterson, JJ., concur.