■ ELSA MAYES, Individually and as Guardian for HECTOR MAYES, an Infant, et al., Respondents, v UVI HOLDINGS, L. L. C., et al., Appellants, et al., Defendants. [700 NYS2d 682] —Order, Supreme Court, New York County (Herman Cahn, J.), entered January 7, 1999, which, *inter alia*, granted plaintiffs summary judgment on the issue of defendant landlord's liability under the cause of action for wrongful eviction, unanimously modified, on the law, to grant partial summary judgment on that cause of action in favor of the Mayes plaintiffs only, and otherwise affirmed, without costs.

Civil Court's determination in the eviction proceeding that the landlord wrongfully evicted the Mayes plaintiffs collaterally estops the landlord from denying its liability to the Mayes plaintiffs in this action absent a showing that it did not have a full and fair opportunity to litigate the issue of its wrongdoing in Civil Court (*see*, *Hernandez v Nelson*, 143 AD2d 632). The landlord makes no such showing. Nor is the landlord's liability

to the Mayes plaintiffs affected by its cross claims against its attorneys in the eviction proceeding and the City Marshal (*see, Maracina v Shirrmeister*, 105 AD2d 672, 673). However, the IAS Court erred in granting summary judgment in favor of the Sanchez plaintiffs, since questions of fact remain as to whether they had a possessory interest in the apartment as would entitle them to a remedy for wrongful eviction under RPAPL 853. Concur—Rosenberger, J. P., Williams, Lerner, Saxe and Buckley, JJ.