OPINION OF THE COURT
Memorandum.
Order unanimously reversed with $10 costs, that branch of tenant’s motion seeking to vacate the default final judgment and warrant is granted, and matter remanded to the court below for determination de novo of that branch of tenant’s application seeking to be restored to possession and for all further proceedings in accordance with the following memorandum.
In this commercial nonpayment proceeding, the verified petition, dated July 15, 2002, alleges that rent was demanded by a written five-day notice but does not state how the notice was served, and no copy of the notice or affidavit of its service is attached to the petition. The answer affirmatively asserts, inter alia, that the rent notice was not properly served, that landlord failed to annex necessary documents to the petition, and that tenant was not afforded the five-day notice allegedly required by the lease (see generally Hendrickson v Lexington Oil Co., 41 AD2d 672 [1973]).
On October 4, 2002, the court (A. Schack, J.), upon tenant’s counsel’s application, issued an order dismissing the petition with prejudice because there was “no rent demand.” Later that day, the court issued a second order, on an ex parte application by landlord’s attorney, stating: “Default vacated. Case adjourned to 10/28/02. Petitioner to notify Respondent to appear.” Tenant did not appear on October 28, 2002, and landlord applied for a default final judgment, which was signed by the court (S. Goodheartz, J.H.O.) on November 4, 2002, awarding landlord possession and the sum of $63,066.54. A warrant issued and was executed.
After being evicted, tenant moved to vacate the default final judgment and warrant, and to be restored to possession. Unaware that the case had been restored to the calendar after having been dismissed (the ex parte order restoring the case did not appear in the record), tenant’s counsel argued that tenant had been evicted despite the fact that the proceeding had been dismissed.
*30 In opposition, landlord’s counsel explained that the case had been restored to the calendar, and he attached a copy of the restoration order. Counsel also claimed that his clerk had written to tenant’s attorney to advise him that the proceeding had been adjourned to October 28, 2002, but he attached no affidavit from his clerk to that effect. Counsel further claimed that a copy of the five-day notice and affidavit of its service had been attached to the petition and that, in any event, he had cured the absence of the five-day notice and affidavit of its service by showing Judge Goodheartz his copies. He attached a copy of a “Five Day Notice” demanding payment by July 8, 2002 and of an affidavit of conspicuous place service and mailing on July 2, 2002. Counsel also submitted an affidavit from landlord’s principal claiming that tenant had abandoned the premises on May 29, 2000 and had advertised its move to a new premises.
In reply, tenant’s attorney claimed that the five-day notice attached to landlord’s papers was a “patent fabrication.” Counsel attached a copy of a five-day notice which had been attached to the petition served upon tenant. This notice demanded payment not by July 8, 2002, but by July 5, 2002. Counsel explained that, on September 12, 2002, he had approached the attorney then representing landlord (who had subsequently left landlord’s counsel’s firm) and apprised him of the defect in the proceeding and that the attorney had pulled out the rent demand from his file, which they had examined together, and which also bore the cure date of July 5, 2002. The attorney had then requested an adjournment and stated that he would be in touch. Tenant’s counsel stated that he had no notice of any of the proceedings after the October 4, 2002 dismissal and argued, inter alia, that the default should be vacated because no rent demand and affidavit of service were before the court when the default was entered. Tenant’s counsel also submitted an affidavit from tenant’s principal asserting that landlord had locked tenant out in March 2002 by, inter alia, welding the front gate shut, that tenant was seeking to be restored to possession, and that the only rent demand ever received by tenant was the copy stapled to the petition.
By order dated February 18, 2003, the court (A. Schack, J.) denied tenant’s motion. The court found that tenant “had left the premises on or about March [sic] 29, 2000,” had advertised its new location, and had no genuine intention of returning. The court held that landlord’s “procedural missteps” were moot because tenant was not entitled to be restored (citing Third City Corp. v Lee, 41 AD2d 611 [1973]).
*31 We reverse and grant tenant’s motion to vacate the default final judgment and warrant.
In a nonpayment proceeding, when the petition alleges the service of a statutory rent notice (RPAPL 711 [2]), the petition must state the manner of service, or the affidavit of service of the notice must be attached to the petition (Witherbee, Sherman & Co. v Wykes, 159 App Div 24, 25 [1913]; Beach v McGovern, 41 App Div 381 [1899]; Fitzgerald v Washington, 80 Misc 2d 861, 864 [1975]; see RPAPL 741 [4]; see also Advisory Comm Notes, reprinted following NY Cons Laws Sery Book 27, RPAPL 741, at 203 [stating that a statutory notice “is one of the facts upon which the special proceeding is based”]). In light of the facial insufficiency of the pleadings, it was error for the court to award landlord a default final judgment, and this judgment must be vacated.
We note that this long-standing rule remains unchanged by Brusco v Braun (84 NY2d 674 [1994]), which held that, upon a tenant’s failure to appear in a nonpayment proceeding, the Civil Court cannot require an inquest. In Brusco, there was no defect in the supporting papers (see Brusco v Braun, 199 AD2d 27, 31 [1993] [“The record . . . reveals no defect in the supporting papers”], affd 84 NY2d 674, 681 [1994] [“(T)here was no question regarding the sufficiency of the petition”]), and nothing in the Brusco decision relieves the Civil Court of its obligation to review the papers for facial sufficiency prior to entering a default final judgment. To the extent that the case of Parkchester Apts. Co. v Rogers (NYLJ, June 4, 1996, at 25, col 1 [App Term, 1st Dept] [holding, based on Brusco, that a landlord need not include an affidavit of service of the rent notice in an application for a default final judgment]) may hold to the contrary, we respectfully disagree therewith.
While we vacate the default final judgment as improperly entered, we note that, in any event, the judgment would be vacated based on a showing of excusable default and meritorious defense. Tenant’s counsel affirmed that he had no notice of the proceedings after the October 4, 2002 dismissal, and landlord’s counsel did not establish, by one with personal knowledge, his claim that his clerk had written to tenant’s counsel advising him of the “adjourned” date. In any event, there is no claim that the alleged letter was accompanied by a copy of the ex parte order vacating the dismissal, and tenant had no notice of this order. Moreover, tenant established meritorious defenses with respect to the service and timeliness of the predicate notice *32 and, based on its claim that it was locked out, with respect to its liability for the rent owed.
Contrary to the determination of the court below, the rule of Third City Corp. v Lee (supra) is inapplicable here. In that case, a tenant who had been evicted pursuant to a default final judgment sought to vacate the judgment, based on a claim of lack of personal jurisdiction, but did not seek to be restored to possession. The court, finding that the tenant was merely seeking to bolster his wrongful eviction action denied his application without prejudice to the tenant’s seeking relief in his wrongful eviction action. Here, by contrast, tenant is seeking to be restored to possession. More importantly, tenant is not challenging personal jurisdiction and cannot collaterally attack the default final judgment in another forum. In any event, we note that the Third City Corp. case does not preclude a tenant not seeking restoration from challenging the monetary portion of the default final judgment in the summary proceeding.
That branch of tenant’s motion that sought restoration to possession is remanded for determination de novo because, inter alia, this court has no information as to whether there is currently a new tenant in possession, in which case such new tenant’s joinder would be required (Eight Assoc. v Hynes, 102 AD2d 746, 748 [1984], affd 65 NY2d 739 [1985]; Chester Mamaroneck Gardens v Riggsbee, 189 Misc 2d 439 [App Term, 2d Dept 2001]).
We wish to highlight that we are deeply disturbed by the discrepancy between the five-day notice demanding payment by July 5, 2002 which was attached to the petition served upon tenant and the five-day notice demanding payment by July 8, 2002 which landlord’s lower court counsel produced in opposition to tenant’s motion to vacate the default judgment. Upon remand, the court shall inquire into this matter and shall make such determination as may be appropriate including, if warranted, the dismissal of the petition (see generally Hughes v Lenox Hill Hosp., 226 AD2d 4, 18 [1996] [explaining that a rule of strict construction of the pleadings should be applied where equity so requires]) and a referral to the Departmental Disciplinary Committee (see generally Code of Professional Responsibility DR 1-102 [a] [4] [22 NYCRR 1200.3 (a) (4)]; Matter of Perrini, 232 AD2d 138,143-144 [1997]).
Aronin, J.P., Patterson and Rios, JJ., concur.