OPINION OF THE COURT
Memorandum.
Ordered that the final judgment is affirmed, without costs.
In this summary proceeding brought pursuant to RPAPL 713 (10), petitioner seeks to be restored to nonexclusive possession (see generally Markun v Weckstein, 100 Misc 668 [App Term, 1st Dept 1917]) of his rent-controlled apartment, currently occupied by his ex-wife and her adult son. Petitioner moved for, among other things, summary judgment, and occupants cross-moved to dismiss the petition or, in the alternative, for a stay of the proceeding, and for the imposition of sanctions.
In our view, the Civil Court properly granted petitioner summary judgment and denied occupants’ cross motion. Con *37 trary to occupants’ contention, the one-year statute of limitations applicable to causes of action seeking damages for wrongful eviction pursuant to RPAPL 853 (see Gold v Schuster, 264 AD2d 547 [1999]; Kolomensky v Wiener, 135 AD2d 505 [1987]) is inapplicable to so much of the petition as seeks to restore petitioner to possession pursuant to RPAPL 713 (10), as that portion of the petition does not seek damages for an intentional tort. (The portion of the petition which seeks treble damages is jurisdictionally defective as such damages are not within the jurisdiction of the court in a summary proceeding (see Eze v Spring Cr. Gardens, 85 AD3d 1102, 1103 (2011); Rostant v Swersky, 79 AD3d 456, 457 (2010)].) In any event, even if there were a one-year statute of limitations for a proceeding brought pursuant to RPAPL 713 (10), the limitations period would not have begun to run until “such time that it is reasonably certain that the tenant has been unequivocally removed with at least the implicit denial of any right to return” (Gold v Schuster, 264 AD2d at 549). Here, occupants failed to establish that this had occurred before March 14, 2011, when occupants’ attorney advised petitioner’s attorney that petitioner would not be permitted into the apartment as he had forfeited his rights thereto.
Occupants also failed to establish that the petition should be dismissed based on the doctrine of prior proceeding pending (CPLR 3211 [a] [4]), as they did not submit a copy of the pleadings from the previously commenced Supreme Court action to demonstrate that the nature of the relief sought in the Supreme Court action is substantially the same as that sought here (Kent Dev. Co. v Liccione, 37 NY2d 899 [1975]; Security Tit. & Guar. Co. v Wolfe, 56 AD2d 745 [1997]). In addition, occupants’ contention that the owner of the building is a necessary party lacks merit as the owner is not the party committing the unlawful detainer. We have examined occupants’ other contentions and find them to be similarly lacking in merit. Thus, as petitioner established his prima facie case and occupants failed to show the existence of a triable issue of fact, the final judgment is affirmed.
Weston, J.P, Pesce and Aliotta, JJ., concur.