Kohl's Department Stores, Inc., Respondent,
against
5 Star Holdings NY, LLC, Appellant. 




Certilman, Balin, Adler & Hyman, LLP (Anthony W. Cummings of counsel), for appellant.
Steven F. Goldstein, LLP (Steven F. Goldstein of counsel), for respondent.

Appeal from a final judgment of the District Court of Nassau County, First District




(Scott Fairgrieve, J.), entered June 26, 2018. The final judgment, after a nonjury trial, awarded landlord possession and the principal sum of $527,329.39 in a nonpayment summary proceeding. ORDERED that the final judgment is reversed, without costs, and the matter is remitted to the District Court for the entry of a final judgment in favor of tenant dismissing the petition. 
In this commercial nonpayment proceeding, landlord seeks possession of the portion of a building located at 5300 Sunrise Highway, Massapequa, New York, in which tenant operates a fitness and health club, and seeks monthly rent due pursuant to a written lease. The petition alleges that a written rent notice was served and that proof of that service is annexed, but although a portion of the rent notice was annexed to the petition, proof of service of the written rent notice was not annexed to the petition. The petition also does not specify the manner in which the written rent notice had allegedly been served. In its answer, tenant, among other things, denied the petition's allegation that landlord had served a rent notice upon tenant. After tenant defaulted in appearing at trial and landlord was awarded a final judgment, tenant moved to vacate the default, again annexing its answer, and amplifying its affirmative defenses on the merits. By order dated February 2, 2018, the District Court granted tenant's motion and set a new trial date. 
At the subsequent lengthy trial, landlord did not submit into evidence the affidavit of service for the written rent notice, or otherwise address how or when the rent notice had been served upon tenant. After landlord had rested its case, tenant made an application to dismiss upon several grounds, including the failure to prove service of the rent notice. The District Court [*2](Scott Fairgrieve, J.) denied tenant's application, finding that tenant had waived its right to pursue that claim. In a decision dated April 5, 2018, the court awarded landlord a final judgment of possession and the principal sum of $527,329.39 in rent and additional rent. Tenant appeals from a final judgment entered on June 26, 2018 pursuant to the decision.
In a nonpayment proceeding, a landlord must allege and prove that it complied with the predicate notice requirement of RPAPL 711 (2). Material noncompliance with this requirement necessitates the dismissal of the proceeding (see Matter of Salvatore & Catherine Pepe v Miller & Miller Consulting Actuaries, 221 AD2d 545, 546 [1995]; Merrbill Holdings, LLC v Toscano, 59 Misc 3d 129[A], 2018 NY Slip Op 50410[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). When a nonpayment petition alleges the service of a statutory rent notice, the petition must state the manner of service, or the affidavit of service of the notice must be attached to the petition (see Merrbill Holdings, LLC, 59 Misc 3d 129[A], 2018 NY Slip Op 50410[U], *2; Kentpark Realty Corp. v Lasertone Corp., 3 Misc 3d 28 [App Term, 2d Dept, 2d & 11th Jud Dists 2004]). A landlord that fails to annex the affidavit of service or allege the manner that a written rent notice was served may cure the defect in its petition by proving the service of the rent notice at trial (see Reckson Operating Partnership, L.P. v LJC Corp., 17 Misc 3d 138[A], 2007 NY Slip Op 52335[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2007]). However, here, landlord failed to allege the manner of service of the rent notice, failed to attach an affidavit of service of the rent notice to the petition, and failed to submit such proof at trial, necessitating the dismissal of the proceeding. Landlord's contention that tenant waived this objection is without merit, as tenant had denied the allegation of service in its answer and was not required to assert all of its potentially meritorious defenses in its motion to vacate the default.
The parties' remaining contentions are rendered academic in light of our disposition. 
Accordingly, the final judgment is reversed and the matter is remitted to the District Court for the entry of a final judgment in favor of tenant dismissing the petition. 
ADAMS, P.J., TOLBERT and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 22, 2019