Canandaigua Natl. Bank & Trust Co. v Acquest S. Park, LLC (2019 NY Slip Op 09130)





Canandaigua Natl. Bank & Trust Co. v Acquest S. Park, LLC


2019 NY Slip Op 09130


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


993 CA 18-02154

[*1]CANANDAIGUA NATIONAL BANK AND TRUST COMPANY, PLAINTIFF,
v
ACQUEST SOUTH PARK, LLC, ET AL., DEFENDANTS, AND KINGSBURY CORPORATION, DEFENDANT-APPELLANT. 
KINGSBURY CORPORATION, THIRD-PARTY PLAINTIFF- APPELLANT,
v
WILLIAM L. HUNTRESS, THIRD-PARTY DEFENDANT- RESPONDENT. 






UNDERBERG & KESSLER LLP, ROCHESTER (THOMAS F. KNAB OF COUNSEL), FOR DEFENDANT-APPELLANT AND THIRD-PARTY PLAINTIFF-APPELLANT. 
RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (R. ANTHONY RUPP, III, OF COUNSEL), FOR THIRD-PARTY DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered June 7, 2018. The order, insofar as appealed from, granted in part the motion of third-party defendant for summary judgment dismissing the cross claims of defendant-third-party plaintiff against him. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied in its entirety, and the first cross claim of defendant-third-party plaintiff is reinstated against third-party defendant.
Memorandum: Defendant-third-party plaintiff, Kingsbury Corporation (Kingsbury), appeals from an order insofar as it granted that part of the motion of third-party defendant, William L. Huntress, seeking summary judgment dismissing Kingsbury's first cross claim, for wrongful eviction under RPAPL 853, against him. Insofar as the order is appealed from, we reverse.
The sole contention raised by Huntress in support of his motion with respect to the first cross claim was that he could not be personally liable inasmuch as he was acting as an agent of a disclosed principal. We conclude that Huntress failed to establish his entitlement to judgment as a matter of law with respect to that cross claim and, as a result, the burden never shifted to Kingsbury to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
"It is well established that [a] corporate officer may be held personally liable for a tort of the corporation if he or she committed or participated in its commission, whether or not his or her acts are also by or for the corporation' " (Villafrank v David N. Ross, Inc., 120 AD3d 935, 938 [4th Dept 2014]; see Retropolis, Inc. v 14th St. Dev. LLC, 17 AD3d 209, 211 [1st Dept 2005]). A cause of action under RPAPL 853 sounds in tort (see Gold v Schuster, 264 AD2d 547, 549 [1st Dept 1999]; Kolomensky v Wiener, 135 AD2d 505, 507 [2d Dept 1987], lv denied in part and dismissed in part 72 NY2d 873 [1988]; Chapman v Johnson, 39 AD2d 629, 629 [4th [*2]Dept 1972]). Here, Huntress failed to establish that he did not participate in the eviction of Kingsbury, and he therefore failed to establish as a matter of law that he cannot be held personally liable if the eviction violated RPAPL 853 (see Suprunchik v Viti, 139 AD3d 1389, 1390-1391 [4th Dept 2016]; see also Retropolis, Inc., 17 AD3d at 211).
Huntress nevertheless contends that the order insofar as it granted the motion with respect to the first cross claim should be affirmed because Kingsbury was not unlawfully evicted under RPAPL 853. That alternative ground for affirmance, however, was not raised before the trial court and thus is not properly before us (see Lots 4 Less Stores, Inc. v Integrated Props., Inc., 152 AD3d 1181, 1182 [4th Dept 2017]; see generally Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546 [1983]). Again, the only contention advanced by Huntress in support of the motion with respect to the first cross claim was that he could not be personally liable for the alleged wrongful eviction because he was acting as an agent of a disclosed principal.
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court