The People, *ex rel.* George Hoffman, *vs.* George Coles.

In summary proceedings instituted by a landlord to dispossess his tenant for non-payment of rent, an affidavit of the tenant, denying in general terms each and every allegation contained in the affidavit of the landlord, is sufficient.

Where the tenant can deny all that has been stated by the landlord, the denial is as complete and well defined by a general denial of every allegation as if every statement had been recounted and denied in detail.

CERTIORARI to review the proceedings instituted by a landlord against his tenant, to dispossess him for the non-payment of rent.

*W. C. Carpenter,* for the relator.

*C. W. Van Voorhis,* for the respondent.

*By the Court,* Leonard, J. This is a *certiorari* to bring up the judgment and proceedings in a landlord and tenant's case for the non-payment of rent. By the return, it appears that the landlord objected to the sufficiency of the affidavit by which the tenant denied the allegations of the landlord. The denial is general. The tenant, by his affidavit, denies each and every allegation contained in the affidavit of the

The People *v.* Coles.

landlord. If the affidavit was sufficient the tenant was entitled to have the landlord prove his case by evidence to be produced in court, and subjected to an examination. The justice sustained the objection to the sufficiency of the affidavit of the tenant, and rendered judgment thereon at once, without any trial. The justice was in error. The denial was sufficient. The affidavit is none the less a denial of the allegations of the landlord, because the allegations are not separately referred to. Where the tenant cannot deny all the allegations, he must necessarily describe those which he wishes to deny; the tenant will seldom be able to deny all the allegations of the landlord. But in a case where he can deny all that has been stated by the landlord, as in the present instance, the denial is as complete and well defined by a general denial of every allegation, as if every statement had been recounted and denied in detail.

There is another objection on the points of the counsel for the landlord, but the foundation for it does not appear from the return. This objection is the want of a revenue stamp to the affidavit of the tenant. The return does not state whether a stamp was used or not. It does not appear that the objection was taken before the justice. It will be unnecessary to pass upon the point, because the facts are not before us.

We cannot hold that the term of the tenant has expired, nor even that the relation of landlord and tenant existed, as those statements in the affidavit of the landlord are denied by the tenant.

The proceedings should be reversed, and restitution ordered. The relator is entitled to costs.

[NEW YORK GENERAL TERM, May 2, 1864. *Leonard, Clerke* and *Welles,* Justices.]