## In re WRIGHT.

### (Superior Court of Buffalo, General Term. December 30, 1891.)

1. LANDLORD AND TENANT—SUMMARY PROCEEDINGS—ANSWER.
    Where the petition in summary proceedings to remove a tenant alleges the expiration of the lease, and the answer alleges that a lease was made by plaintiff, on the expiration of which another lease was made, which has not yet expired, and that the rent due thereunder has been paid, such answer is sufficient to raise an issue.

2. SAME—WHO MAY DEFEND—TENANT IN POSSESSION.
    Under Code Civil Proc. § 2244, providing that in summary proceedings to remove a tenant an answer may be made by "the person to whom it is directed, or his landlord, or any person in possession, or claiming possession, of the premises," a woman on whom the precept was served, and who states under oath that she was in possession, whether she be the wife of the tenant or not, may file an answer.

Appeal from municipal court.

Summary proceedings by William F. Wright to remove I. H. Radford from certain premises. From the order of the municipal court awarding possession to plaintiff, defendant appeals. Reversed.

Argued before BECKWITH, C. J., and TITUS and HATCH, JJ.

*Platt & Wheeler*, for landlord. *A. J. Sigman*, for tenant.

HATCH, J. In this proceeding a precept was issued upon a regularly verified petition alleging the expiration of the term, and was served upon Anna Radford, she being a person residing upon, and in the occupation of, the premises at the time of such service. Upon the return of the precept the tenant appeared before the judge by attorney, and tendered an answer, verified by the said Anna Radford, which recited, among other things, that she was the person in possession of the premises, and for her answer to the petition she denied each and every allegation contained therein, except as admitted. It then alleges that a lease was made with the plaintiff for a specified term, and upon the expiration of such term another lease for a specified term was made, which had not yet expired, and that the rent due thereunder had been paid. The answer was objected to by the petitioner upon the ground that it was not sufficient. The court so held, refused the answer, and entered an order awarding the petitioner possession of the premises, with costs of the proceeding. This order has been executed, and petitioner placed in possession of the premises. The answer tendered was sufficient to raise an issue. The petition alleged a letting of the premises from July 1, 1890, to August 28, 1890, and the expiration of the term on said 28th day of August. The answer, both by denial and affirmative allegation, placed that fact in issue; for the general denial was not qualified as to the expiration of the term, while the affirmative allegations set up the leases under which the premises had been and were then held. The form of denial is in compliance with Code, § 2244. *People v. Coles*, 42 Barb. 96. And if the affirmative allegations are to be treated as anything more than an allegation of facts to support the denial, it could still be sustained as raising an issue upon a material allegation of the petition,

for, if true, it showed that the term had not yet expired. *Provost* v. *Donohue*, (Sup.) 3 N. Y. Supp. 299; *Becker* v. *Church*, 42 Hun, 258; *People* v. *How lett*, 76 N. Y. 574.

The answer, therefore, as an allegation of fact to raise an issue, is sufficient. This, as the record shows, was all the question raised below; but counsel in their brief state that the theory upon which the answer was rejected was that the person tendering the answer had no standing in court to serve one, as she was not in possession of the premises at the time. This was based upon assumption, as gathered from the brief, that the person answering was the wife of the party proceeded against, and that in law she could have no possession independent of her husband. It is to be noticed that the record gives no information as to the relation of the party proceeded against and the person tendering the answer, if any there be. The proof of service of the precept shows that Anna Radford was a person of about 25 years of age, who resided upon the premises and was the person served with the precept, and the answer asserts that she was in possession of them. With the question of relationship eliminated, we are to consider whether or no she had standing to protect any right. The Code provides (section 2244) that a written answer, verified in like manner as a verified answer in an action in the supreme court, may be filed with the judge who issued the precept by "the person to whom it is directed, or his landlord, or any person in possession, or claiming possession, of the premises." Possession may be either actual or constructive. It is actual when the party has the immediate occupancy; it is constructive when he has only the right to immediate occupancy. One is an actual existence, the other exists in contemplation of law. *Brown* v. *Volkening*, 64 N. Y. 76. The party in fact served was a person; she resided upon the premises; she states under oath that she was in possession. Thus an actual occupancy is established. This, I think, places her within the category of those persons which the Code has said may serve the answer and raise the issue to be tried. Nor do I think the result should be different if it be conceded that Anna Radford was the wife of the tenant. She still continues to be a person. The Code does not limit the authority conferred to any particular class of persons; it only requires that they shall have the interest therein stated. It nowhere provides that the party shall have the legal right to continue or be in possession. The naked possession or claim to it is sufficient. It is quite apparent that the legal right may rest in one person, and the present possession in another, as where the lessee places the actual possession in an agent, while he holds the legal right to enter. It would scarcely be claimed that, if the agent were served with process under such circumstances, he could not appear and defend, based upon the legal right of his principal, and his right to possession thereunder. How is the principle changed when the wife is left in possession of the dwelling during her husband's absence? This is a summary remedy. Great injustice under it may be done. In the present case the precept was issued, served, and made returnable the same day. Under such circumstances it would be a harsh construction which would prevent the wife, left in the occupancy of a house, from asserting a legal right which the lessee possessed by showing that she was in possession and entitled to it by virtue of the legal right. Such result should not be reached unless it be a necessary one, and I am unable to find the right denied. It therefore follows that the order should be reversed, with costs. As the term claimed bv the tenant has expired, restitution of the premises should not be ordered, but the tenant is left to enforce such remedy as the law permits. All concur.