FULL VALUE REALTY Co., INC., Landlord, Respondent, *v.* ANDREW STONE, Tenant, and JOHN BASTONE, Undertenant, Appellant.

Supreme Court, Appellate Term, First Department, June 24, 1926.

Summary proceedings to dispossess — removal of tenant for non-payment of rent — undertenant, against whom precept was directed, interposed answer putting in issue material allegations of landlord's petition — undertenant, though not mentioned in petition, is entitled, under Civil Practice Act, § 1425, to deny general allegations of petition — order striking out answer error.

In summary proceedings to dispossess, commenced by the service of a petition and a precept for non-payment of rent which was directed against the tenant and the undertenant, it was error to strike out said undertenant's answer as insufficient, although there were no allegations in the petition respecting him, where his answer put in issue, among other things, the right of the landlord's agent to bring the proceedings, the letting of the premises by the landlord to the tenant, the right to payment in advance, that there was due a sum certain from the tenant as rental for certain specified months, and that personal demand was made for payment of the rent, for said undertenant, being a person to whom the precept was directed, was entitled, pursuant to section 1425 of the Civil Practice Act, to deny generally the allegations of the petition.

APPEAL by undertenant from an order of the Municipal Court, Borough of Manhattan, Fifth District, striking out his answer in summary proceedings as insufficient, and from a final order granting possession to the landlord.

*George C. Lake,* for the undertenant, appellant.

*Herbert J. Lyall* [*Andrew C. Morgan* of counsel], for the landlord, respondent.

JAMES O'MALLEY, J.  The proceeding was commenced by the service of a petition and precept for non-payment of rent.  The precept was directed against the tenant and the undertenant. The petition, however, contained the usual allegations respecting the tenant alone.  On the return day the tenant defaulted and a final order was issued against him.  The undertenant appeared by attorney, however, and entered a general denial, demanding a jury trial.  His answer was stricken out as insufficient, and without further proceedings a final order was issued against him and possession awarded to the landlord.

The orders appealed from are sought to be sustained upon the ground that the answer of the undertenant raised no issue, there being no allegations in the petition respecting him.  With this contention I am unable to agree.  The appellant's answer put in

issue, among other things, the right of the plaintiff's alleged agent to bring the proceedings; the letting of the premises *by the plaintiff* to the tenant; the right to payment in advance; that there was due a certain sum from the tenant as rental for certain specified months, and that personal demand was made for payment of the rent. Issues respecting all of these allegations were properly raised by the answer interposed.

Under the provisions of section 1425 of the Civil Practice Act (added by Laws of 1921, chap. 199, as amd. by Laws of 1924, chap. 514), appellant was entitled to deny generally the allegations of the petition as he was a person to whom the precept was directed. In such situation I am of opinion that justice requires that the undertenant be given permission to contest the proceedings and have the allegations of the petition proved. Otherwise he may be deprived of substantial rights by a collusive proceeding instituted by a landlord with an intentionally defaulting tenant. Clearly the undertenant, in the circumstances here presented, is a person entitled to avail himself of the provisions of the section of the Civil Practice Act above referred to. (*Matter of Wright*, 16 N. Y. Supp. 808. See, also, *Cohen* v. *Carpenter*, 128 App. Div. 862.)

Order striking out answer reversed and motion denied, and final order in so far as it affects the appellant reversed, with thirty dollars costs to appellant to abide the event.

All concur; present, BIJUR, O'MALLEY and LEVY, JJ.