OPINION OF THE COURT
Ferdinand L. Vari, J.
Petitioner in this summary holdover proceeding was the mortgagee of a cooperative apartment unit located at 270 Bronxville Road, apartment A-35, Bronxville, New York 10708 and is now the owner of same by purchase at a foreclosure sale held on November 9,1992.
Respondent is a subtenant in the premises pursuant to a written lease for a term beginning on August 1, 1992 and ending on July 31, 1993.
Respondent moves to dismiss this proceeding asserting that this court does not have jurisdiction of the subject matter and that the petition fails to state a cause of action. Respondent also seeks an award of costs on the ground that the action is frivolous.
*878 Respondent’s objection to this court’s exercise of jurisdiction is based on the assertion that the subject apartment is regulated by the Emergency Tenant Protection (ETP) Regulations (9 NYCRR parts 2500-2510), which fact respondent asserts petitioner failed to properly plead.
It is axiomatic that the rights of a subtenant to the use and occupancy of real property stand and fall with the rights of the paramount lease. (Bruder v Geisler, 47 Misc 370.)
It is also axiomatic that subtenants are not necessary parties to a summary proceeding and are joined in the proceeding at the discretion of the landlord in order to assure that any warrant which may be issued by the court is effective against the subtenant as well as against the prime tenant. (New York Ry. Corp. v Savoy Assocs., 239 App Div 504.)
Respondent asserts that its obligation to pay rent is governed by the Emergency Tenant Protection Act of 1974 (McKinney’s Uncons Laws of NY § 8621 et seq.; L 1974, ch 576, §4) and that its remedies in a summary proceeding are identical with those of a tenant, as governed by ETP Regulations (9 NYCRR) § 2504.3. In fact, respondent’s rights under the ETPA, if that act is applicable in this proceeding, are limited by McKinney’s Unconsolidated Laws of NY § 8630-a and 9 NYCRR 2505.7, which spell out a tenant’s right to sublease and limit a subtenant’s right to a renewal lease in ETPA regulated apartments. (See, McKinney’s Uncons Laws of NY § 8630-a [g].)
Even if it were established that the ETPA applies in this case, respondent, as a subtenant, does not have standing to object to petitioner’s alleged failure to comply with the notice requirements of 9 NYCRR 2504.3, which section applies only to tenants in ETPA housing, as distinguished from subtenants. Similarly, respondent’s argument that the petition fails to state a cause of action must fall, based, as it is, on the right to receive notice which has only been granted to tenants. (See, 9 NYCRR 2504.1 [a].)
Respondent’s motion to dismiss is therefore denied in its entirety.
The respondent’s application for costs is also denied. Respondent has failed to establish that the bringing of the instant proceeding was frivolous, within the meaning of 22 NYCRR 130-1.1 (a) and (c).
All parties are directed to appear for trial on April 29, 1993 in Part IV at 9:30 a.m.