OPINION OF THE COURT
Memorandum.
Appeal from order dismissed.
Final judgment reversed without costs and final judgment directed to be entered dismissing the petition.
The appeal from the intermediate order is dismissed because the right of direct appeal therefrom terminated with the entry of the final judgment (see Matter of Aho, 39 NY2d 241, 248 [1976]). The appeal from the final judgment brings the order up for review (see CPLR 5501 [a] [1]).
The issue we determine on this appeal is whether an occupant of a state-assisted Mitchell-Lama cooperative apartment who claims succession rights thereto may assert defenses in a nonpayment summary proceeding brought against the tenant of record and the occupant.
In a stipulation entered into on January 20, 2000 in settlement of a prior holdover proceeding, it was agreed that Nathaniel Goode, the adopted son of the deceased former tenant of record Corine Goode, had succession rights to the subject Mitchell-Lama cooperative apartment and that, when he attained the age of majority, he would be given a lease in his own name. The stipulation acknowledged that Audrey Clemons (appellant), who is Corine Goode’s natural daughter, would reside with Nathaniel Goode in the apartment as his guardian. Nathaniel Goode attained the age of majority soon thereafter, and he was given a. lease. Appellant alleges that she moved into the apartment with her brother in July 2000 and that she and her brother lived together in the apartment until March 2003, *51 when her brother left the apartment without explanation. During this period, appellant was listed on all of the annual income affidavits. In the period thereafter, appellant continued to reside in the apartment, but landlord rejected the income affidavits submitted by appellant because they were not signed by Goode, and it commenced another holdover proceeding. While the record of this holdover proceeding is not before us, it appears that the proceeding was not successfully prosecuted to completion, and that landlord instead chose to institute this nonpayment proceeding, naming Goode as tenant and appellant as undertenant.
Goode defaulted in appearing, but appellant appeared and answered, and subsequently moved for summary judgment. Appellant asserted that she lived in the apartment as an authorized family member, that the rent notice was inaccurate and confusing, and that certain surcharges imposed by landlord based on the alleged failure to submit an income affidavit were improper. After her summary judgment motion was denied, appellant sought, at trial, to show that she had succession rights to the apartment and that she should be entitled to assert defenses to the nonpayment proceeding. However, the court did not allow appellant to fully develop her succession rights claim, holding that this claim was not a defense to the nonpayment proceeding. The court further ruled that only the tenant of record had standing to challenge the adequacy of the rent notice and the imposition of the surcharges. Accordingly, the court awarded possession to landlord.
We agree with the trial court that the fact that an occupant of an apartment may have succession rights is not a defense to a nonpayment proceeding. We also reject appellant’s claim on appeal that she has established that she has succession rights. The regulations promulgated by the Division of Housing and Community Renewal governing succession rights in state-aided Mitchell-Lama housing are set forth in 9 NYCRR subpart 1727-8. These regulations provide, inter alia, that where the tenant of record has permanently vacated the apartment, a member of the tenant’s family who has resided with the tenant in the apartment as a primary residence for the specified cooccupancy periods and who has been listed on the income affidavits, may request to be named as a tenant on the lease and on the stock certificate (9 NYCRR 1727-8.3). In the event of a denial by the housing company of the application, the family member may file an administrative appeal (9 NYCRR 1727-8.5).
*52 The procedures governing succession rights in state-assisted Mitchell-Lama housing are substantially similar to those set forth in 28 RCNY 3-02 (p), governing city-assisted Mitchell-Lama housing. With respect to the latter, the courts have held that the Department of Housing Preservation and Development is vested with exclusive jurisdiction to determine remaining-family-member claims (Bedford Gardens Co., LP v Jacobowitz, 29 AD3d 501 [2006]; Brighton House v Novick, 2003 NY Slip Op 51201[U] [App Term, 2d & 11th Jud Dists 2003]). In view of the similarity between the two sets of regulations, the same rule of exclusivity of jurisdiction that is applied in city-assisted Mitchell-Lama housing should be applied in state-assisted Mitchell-Lama housing. Since appellant has not been determined to have succession rights in accordance with the procedure set forth in subpart 1727-8 of 9 NYCRR, her claim to succession rights cannot be deemed established at this juncture.
Nevertheless, it is our view that since appellant has established a colorable claim to such succession rights, she has standing to assert defenses to this nonpayment proceeding, at least to the extent of demonstrating that the statutory prerequisites to the proceeding (see RPAPL 711 [2]) have not been satisfied (RPAPL 743; see Glen Cove Hous. Auth. v Hendricks, 2002 NY Slip Op 40483[U] [App Term, 9th & 10th Jud Dists 2002]; 609 W. 151st St., LLC v Francisco, NYLJ, Sept. 30, 1997, at 25, col 2 [App Term, 1st Dept] [sister of departed tenant of record of rent-stabilized apartment who had a potentially meritorious succession claim was permitted to join in a nonpayment proceeding]; 340 E. 93rd St. Corp. v Janis, NYLJ, Feb. 9, 1996, at 29, col 1 [App Term, 1st Dept]; see also Full Value Realty Co., Inc. v Stone, 127 Misc 491 [1926]; Neusberger v Brodejefsky, 31 Misc 749 [1900]; Matter of Wright, 16 NYS 808 [1891]; cf. 54 Featherco v Correa, NYLJ, July 30, 1997, at 21, col 1 [App Term, 1st Dept] [an occupant who does not have succession rights has no standing to defend a nonpayment proceeding], affd 251 AD2d 23 [1998]; First Fed. Sav. & Loan Assn, of Rochester v Moore, 157 Misc 2d 877 [1993]). Here, appellant correctly contends that the predicate rent notice failed to clearly set forth the approximate good faith amount of rent owed and the monthly periods for which rent was owed (see ShopRite Supermarkets, Inc. v Yonkers Plaza Shopping, LLC, 29 AD3d 564 [2006]). The notice sought rental surcharges for December 2003 *53 through November 2004, while landlord admits that the surcharges were not imposed until July 2004; the notice demanded September 2004 rent, which had been paid; the notice appears to double bill the January 2004 rent; and the amounts listed in the notice’s breakdown do not add up to the amount listed as the total owed. Accordingly, since the notice is defective and since appellant has standing to raise the defect, the final judgment in favor of landlord is reversed in its entirety (see e.g. Lakewood Constr. Co. v Brody, 1 AD3d 1007 [2003] [granting relief to a nonappealing party where the relief is necessary to effectuate the grant of relief to the appealing party]), and a final judgment is directed to be entered dismissing the petition.
In view of the foregoing, we do not pass on whether surcharges imposed in state-assisted Mitchell-Lama housing constitute “rent” so as to be subject to recovery in a summary proceeding (RPAPL 741 [5]; see generally Lincoln Amsterdam House v Baxter, 224 AD2d 207 [1996] [surcharges imposed in city-assisted Mitchell-Lama housing are not “rent”]; see also Matter of Dayton Towers Corp. v Gethers, 24 AD3d 663, 664 [2005]).