OPINION OF THE COURT
Memorandum.
Ordered that the appeal from the order dated August 10, 2012 is dismissed, as the right of direct appeal therefrom terminated with the entry of the final judgment (see Matter of Aho, 39 NY2d 241, 248 [1976]); and it is further, ordered that the final judgment, insofar as appealed from, is modified by providing that the issuance of the warrant is permanently stayed on condition that John Gargano never return to the building and that he never harass landlord, its employees or the other residents of the building; in the event of a breach of this condition, landlord may move in the Civil Court for the issuance of a warrant; as so modified, the final judgment, insofar as appealed from, is affirmed, without costs; and it is further, ordered that so much of the appeal from the March 8, 2013 order as is from the portion thereof which denied the branch of the motion by Stefanie Gargano seeking to permanently stay the execution of the warrant is dismissed as moot; and it is further, ordered *18 that the order dated March 8, 2013, insofar as reviewed, is affirmed, without costs.
In this nuisance holdover proceeding to recover possession of a rent-controlled apartment based on the misconduct of tenant of record, John Gargano, Mr. Gargano failed to appear. Tenant’s then wife, Stefanie Gargano (occupant), who had co-resided with tenant in the apartment for seven years, appeared and answered, and moved to, among other things, dismiss the petition on the ground that the nuisance had been cured because she had commenced divorce proceedings against her husband and he had permanently vacated the apartment. Landlord cross-moved for, among other things, summary judgment on the petition, asserting, among other things, that the nuisance allegations were uncontroverted, that occupant had failed to adequately support her claim that tenant had permanently vacated, and that a postjudgment cure period is not available in the circumstances presented. The Civil Court denied occupant’s motion and granted landlord’s cross motion, and a final judgment was entered awarding possession to landlord. Subsequently, occupant moved for leave to renew and reargue or, in the alternative, to permanently stay execution of the warrant, showing, among other things, that the divorce had been finalized and that she had been awarded exclusive possession of the apartment as part of the divorce judgment. The Civil Court granted renewal and reargument, and adhered to its prior determination.
In our view, the final judgment should be modified to provide that the issuance of the warrant is permanently stayed on condition that John Gargano never return to the building and that he never harass landlord, its employees, or the other residents of the building (see 15th Assoc. v Cintron, NYLJ, July 17, 1998 [App Term, 1st Dept 1998]; Bessler v Kandil, NYLJ, Mar. 15, 1993 [App Term, 2d & 11th Jud Dists 1993]; cf. Matter of Chi-Am Realty, LLC v Guddahl, 33 AD3d 911 [2006]). We reject landlord’s claim that the holdings of 15th Assoc. and Bessler are inapplicable here because they involved the exclusion of a family member, not of the tenant himself. RPAPL 753 (4), which provides for a 10-day postjudgment period “during which time the respondent may correct [the] breach,” is to be liberally construed (Nestor v McDowell, 81 NY2d 410, 414 [1993] [emphasis added]; Post v 120 E. End Ave. Corp., 62 NY2d 19, 24 [1984]) and is broad enough to allow the “respondent” occupant, the remaining family member of the rent-controlled *19 tenant,* to cure the breach by excluding the offending tenant and complying with other appropriate conditions.
We have examined occupant’s remaining contentions regarding the propriety of the final judgment and find them to be without merit.
Pesce, P.J., Aliotta and Elliot, JJ., concur.

 We note that, contrary to a dictum in this court’s opinion in Cudar v O’Shea (24 Misc 3d 129[A], 2009 NY Slip Op 51337[U] [App Term, 2d, 11th & 13th Dists 2009], affd on a ground other than that stated in the dictum 78 AD3d 1177 [2010]), a spouse of a rent-controlled tenant of record does not become a tenant upon her marriage to and cohabitation with the tenant of record. Rather, the rights of a spouse of a rent-controlled tenant, like those of any other remaining family member, are governed by New York City Rent and Eviction Regulations (9 NYCRR) § 2204.6 (d), pursuant to which a spouse is entitled to succession rights only if he or she co-occupies the apartment with the tenant as a primary residence for the requisite period prior to the tenant’s death or permanent removal.