OPINION OF THE COURT
Memorandum.
Ordered that the resettled final judgment is modified by striking the provisions adjudging that respondent landlord is not entitled to a first rent or to an individual apartment improvement increase; as so modified, the resettled final judgment is affirmed, without costs.
Tenant commenced this RPAPL 713 (10) proceeding on February 24, 2011 seeking to be restored to possession of a rent-stabilized apartment. Tenant had previously temporarily relocated to an apartment in an adjacent building so that her building’s former owner could complete necessary repairs to her apartment. The terms of her agreement were memorialized in a November 24, 2008 consent agreement between tenant and the former owner’s agent, so-ordered by the Civil Court, stating that tenant would be permitted to return to the apartment after the repairs were completed, which was to be within 60 days. Tenant retained the keys and left personal items in the apartment. The repairs were not completed within the *17 agreed-upon 60 days, and, after tenant had been repeatedly assured by the former owner’s agent that tenant would be able to return to her apartment, the building fell into foreclosure and, on November 18, 2010, was sold to respondent landlord, which subsequently changed the locks to tenant’s apartment. Landlord moved to dismiss the petition on the ground that tenant’s cause of action sounded in wrongful eviction, an intentional tort with a one-year statute of limitations; that the cause of action had accrued 60 days after the consent agreement had been signed; and that the statute of limitations had expired at the end of March 2010. The motion was denied, and, following a nonjury trial, the Civil Court awarded possession to tenant and adjudged that landlord was not entitled to a first rent or to an individual apartment improvement increase.
Contrary to landlord’s contention, this unlawful entry and detainer proceeding pursuant to RPAPL 713 (10) is not time-barred. While the one-year statute of limitations is applicable to a cause of action for wrongful eviction, which is an intentional tort (see PK Rest., LLC v Lifshutz, 138 AD3d 434 [2016]; Gold v Schuster, 264 AD2d 547 [1999]; Kolomensky v Wiener, 135 AD2d 505 [1987]), the one-year limitation period does not apply to a tenant’s RPAPL 713 (10) proceeding, which “does not seek damages for an intentional tort” (Cudar v O’Shea, 37 Misc 3d 35, 37 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). In any event, a cause of action for a claim of wrongful eviction does not accrue until “it is reasonably certain that the tenant has been unequivocally removed with at least the implicit denial of any right to return” (Gold v Schuster, 264 AD2d at 549), which here did not occur until after landlord purchased the building on November 18, 2010. Thus, as the Civil Court noted, tenant’s cause of action accrued less than one year before the proceeding was commenced on February 24, 2011. Consequently, landlord’s motion to dismiss was properly denied.
In a summary proceeding, the relief that a court can grant is limited to possession, rent, and use and occupancy (see RPAPL 741 [5]). Where, as here, in a summary proceeding brought pursuant to RPAPL 713 (10) the petitioner tenant is not entitled to rent or use and occupancy, the relief which can be awarded to the petitioner tenant is limited to possession (see Eze v Spring Cr. Gardens, 85 AD3d 1102 [2011]; Rostant v Swersky, 79 AD3d 456 [2010]; Saccheri v Cathedral Props. Corp., 43 Misc 3d 20 [App Term, 2d Dept, 9th & 10th Jud Dists *18 2014]) and the court may properly make only such findings as are necessary to determine the right to possession. Moreover, in any action or proceeding brought in the Civil Court, except one brought pursuant to CCA 212-a, the Civil Court lacks jurisdiction to grant declaratory relief (see CPLR 3001; North Waterside Redevelopment Co. v Febbraro, 256 AD2d 261 [1998]; 133 Plus 24 Sanford Ave. Realty Corp. v Xiu Lan Ni, 47 Misc 3d 55 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; Green v Lakeside Manor Home for Adults, Inc., 30 Misc 3d 16 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]). Consequently, the Civil Court lacked jurisdiction to declare that landlord was not entitled to a first rent or to an individual apartment improvement increase, which determinations were not necessary to determine the right to possession.
Accordingly, the resettled final judgment is modified by striking the provisions adjudging that respondent landlord is not entitled to a first rent or to an individual apartment improvement increase, and is otherwise affirmed.
Pesce, P.J., Weston and Aliotta, JJ., concur.