901 Bklyn Realty, LLC, 901 Bklyn 12 Realty, LLC, Oceanwalk Beach Bklyn Realty, LLC, Oceanwalk Condo Bklyn Realty, LLC, 780 Bklyn Realty, LLC, Minnetonka III Bklyn Realty, LLC, and Minnetonka against
against
Bklyn Realty, LLC, as Tenants-In-Common, Appellants, Frances Woods-Najac and Stephanie Woods-Alleyne, as Co-Voluntary Administrators of the Estate of Frances Woods, Deceased, Tenants, Donna Bingham, Respondent, and "John Doe" and "Jane Doe," Occupants. 




Kaufman, Friedman, Plotnicki & Grun, LLP (Ari Grun of counsel), for appellants.
The Legal Aid Society (Leigh Mangum, Adriene Holder and Sharone Miodovsky of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Marcia J. Sikowitz, J.), dated March 16, 2018. The order, insofar as appealed from, granted the branch of landlords' motion seeking discovery pertaining to the two years prior to the death of the former tenant of record only to the extent of allowing discovery pertaining to one year, and implicitly denied the branch of landlords' motion seeking to depose occupant Donna Bingham in a holdover summary proceeding.




ORDERED that the order, insofar as appealed from, is modified by providing that, upon a review of the papers pursuant to CPLR 409 (b), the petition is dismissed; as so modified, the order, insofar as appealed from, is affirmed, without costs.
After Donna Bingham (occupant) notified landlords that she was the daughter of the deceased tenant of record and was asserting her right to succeed to the tenancy, landlords commenced this illegal-sublet holdover proceeding against the administrators of the deceased tenant's estate and occupant, upon a barebones allegation of illegal sublet or assignment in the predicate notices and petition. Occupant's answer included a "defense" that she is entitled to succeed to the tenancy, and landlords moved for, among other things, leave to conduct discovery relating to the two years prior to tenant's death. Landlords appeal from so much of an order of the Civil Court dated March 16, 2018 as granted landlords' motion only to the extent of permitting discovery relating to the one-year period prior to tenant's death and implicitly denied the branch of landlords' motion seeking to depose occupant. 
A claim of succession rights is not a cognizable defense to an illegal sublet proceeding, which must be determined based solely on the issue of whether there has been an illegal sublet. A finding on the issue of succession rights is unnecessary to the determination of that issue, and a finding on the merits of occupant's succession claim could result only in an impermissible declaratory judgment (see 459 Webster Ave., LLC v Green, 64 Misc 3d 146[A], 2019 NY Slip Op 51349[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]; Parker v Howard Ave. Realty, LLC, 56 Misc 3d 15 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). As a result, the court should not have permitted discovery relating to occupant's assertion of succession rights. Consequently, to the extent that landlords, on their appeal, seek discovery beyond that which has already been permitted to ascertain occupant's alleged succession rights, their appeal lacks merit.
In alleging a succession defense, however, occupant also implicitly asserts that she is not illegally subletting, in that she has a legal right to be living in the apartment. As she has asserted a colorable claim to succession rights, occupant has standing to assert that the illegal sublet petition should be dismissed (see EOM 106-15 217th Corp. v Severine, 62 Misc 3d 141[A], 2019 NY Slip Op 50068[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; Rochdale Vil., Inc. v Goode, 16 Misc 3d 49 [App Term, 2d Dept, 2d & 11th Jud Dists 2007]).
In our view, the petition should be dismissed. "When a person other than the lessee is shown to be in possession of leasehold premises[,] the law will presume the existence of an assignment or sublet agreement and proof of such agreement is not required" (Carol Mgt. Corp. v Britton, NYLJ, Oct 29, 1992, at 26, col 5 [App Term, 2d Dept, 2d & 11th Jud Dists 1992]). However, this presumption does not apply where the person in occupancy is a close family member of the tenant, as the permissible occupancy of family members does not provide a basis for a claim of illegal sublet (see Santorini Equities, Inc. v Picarra, 2003 NY Slip Op 50645[U] [App Term, 1st Dept 2003]; see also PLWJ Realty, Inc. v Gonzalez, 285 AD2d 370 [2001]; Park Holding Co. v Rosen, 241 AD2d 304 [1997]; 155 W. 81st St. Assoc. v Paredes, 26 Misc 3d 145[A], 2010 NY Slip Op 50472[U] [App Term, 1st Dept 2010]). The permissible occupancy of such a family member of a tenant does not automatically convert to an illegal sublet upon the death of the tenant (see Skyline Terrace Coop., Inc. v Ortiz-Robles, 45 Misc 3d 129[A], 2014 NY Slip Op 51527[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; Klein Props., LLC v Estate of Hammonds, 33 Misc 3d 140[A], 2011 NY Slip Op 52134[U] [App Term, 2d Dept, 9th [*2]& 10th Jud Dists 2011]). 
Thus, where, as here, a landlord has information that the occupant of the apartment is a close family member of the tenant and seeks to evict that occupant on the basis of an illegal sublet (as opposed to maintaining a licensee proceeding following the expiration of the lease), it must do more, in its predicate notices and petition, than make conclusory allegations of an illegal sublet or assignment; instead, the landlord must allege facts tending to establish that the occupancy rose to the level of an illegal sublet (see RPAPL 741 [4]; Rent Stabilization Code [9 NYCRR] § 2524.2 [b]; 888 E. 96th St., LLC v Hargrove, 61 Misc 3d 137[A], 2018 NY Slip Op 51558[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018] [an illegal-sublet proceeding was properly dismissed where the predicate notice failed to allege facts showing that the tenant's son's occupancy rose to the level of an illegal sublet]). Inasmuch as landlord failed to do so, upon a review of the papers pursuant to CPLR 409 (b) ("The court may make any orders permitted on a motion for summary judgment"), the petition must be dismissed for failure to state the facts necessary to establish a ground for eviction.
Accordingly, the order, insofar as appealed from, is modified by providing that, upon a review of the papers pursuant to CPLR 409 (b), the petition is dismissed. 
ALIOTTA, J.P., PESCE and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 6, 2019