Westchester Plaza Holdings, LLC v Watson (2020 NY Slip Op 51357(U))

[*1]

Westchester Plaza Holdings, LLC v Watson

2020 NY Slip Op 51357(U) [69 Misc 3d 141(A)]

Decided on November 12, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 12, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, J.P., BRUCE E. TOLBERT, ELIZABETH H.
EMERSON, JJ

2019-550 W C

Westchester Plaza Holdings, LLC,
Respondent,
against
Keith Watson, Tenant, and Juanita Dunlap, Appellant, et al.,
Undertenants. 

Hudson Valley Justice Center (Jason Mays of counsel), for appellant.
Gutman, Mintz, Baker & Sonnenfeldt, LLP (Joseph Chiantella of counsel), for respondent.

Appeal from a final judgment of the City Court of Mount Vernon, Westchester County
(Adrian N. Armstrong, J.), entered March 19, 2019. The final judgment, insofar as appealed
from, after a hearing on the issue of succession rights, awarded landlord possession as against
occupant Juanita Dunlap in a holdover summary proceeding.

ORDERED that the final judgment, insofar as appealed from, is reversed, without costs, so
much of the petition as seeks to recover possession from occupant Juanita Dunlap based upon the
termination of the lease on the ground of an illegal sublet is dismissed, and the matter is remitted
to the City Court for all further proceedings.
Insofar as is relevant to this appeal in this illegal-sublet and nuisance holdover proceeding, a
final judgment was entered against Keith Watson (tenant) pursuant to a stipulation of settlement.
Thereafter, the City Court conducted a hearing solely on the claim by Juanita Dunlap (occupant)
that she is entitled to succeed to the tenancy of tenant, who was still her husband at the time the
proceeding was commenced. Occupant appeals from so much of the final judgment as was
entered against her upon the City Court's determination, after the hearing, that she was not
entitled to succession rights. 
The issue in an illegal-sublet holdover proceeding is whether the tenant has illegally [*2]sublet the apartment, and the issue in a nuisance holdover
proceeding is whether the tenant has created a nuisance. If an illegal sublet or nuisance is found
to exist, the landlord is entitled to judgment. An occupant's claim of succession rights is not a
cognizable defense to either an illegal-sublet proceeding or a nuisance proceeding (see 901 Bklyn Realty, LLC v
Woods-Najac, 65 Misc 3d 158[A], 2019 NY Slip Op 51976[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2019]), as a finding on the merits of an occupant's succession claim is
irrelevant to the determination of those proceedings and can result only in a declaratory judgment
(see 459 Webster Ave., LLC v
Green, 64 Misc 3d 146[A], 2019 NY Slip Op 51349[U] [App Term, 2d Dept, 9th &
10th Jud Dists 2019]; Parker v Howard
Ave. Realty, LLC, 56 Misc 3d 15 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2017]). Since the City Court generally lacks jurisdiction to grant declaratory relief and may make
only such findings as are necessary to determine whether to grant the relief sought in the
proceeding (Parker, 56 Misc 3d 15; see also 459 Webster Ave., LLC, 64 Misc 3d
146[A], 2019 NY Slip Op 51349[U]), it was improper for the City Court to determine occupant's
entitlement to succession rights.
While occupant's claim to succession rights cannot be determined in this proceeding, the fact
that occupant has a colorable claim to succession rights gives her standing to defend against
landlord's illegal-sublet and nuisance claims on the merits (see 901 Bklyn Realty, LLC,
65 Misc 3d 158[A], 2019 NY Slip Op 51976[U]; Rochdale Vil., Inc. v Goode, 16 Misc 3d 49 [App Term, 2d Dept,
2d & 11th Jud Dists 2007]; cf.
M.M. & I. Realty Co., L.L.C. v Gargano, 46 Misc 3d 16 [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2014]).
With respect to the merits, it is undisputed that tenant and occupant were married in 2014,
that occupant was tenant's wife at the time this proceeding was commenced in 2018, and that she
was listed as an occupant on the lease in 2014. Since "the permissible occupancy of family
members does not provide a basis for a claim of illegal sublet" (901 Bklyn Realty, LLC,
65 Misc 3d 158[A], 2019 NY Slip Op 51976[U], *1; see also Santorini Equities, Inc. v
Picarra, 2003 NY Slip Op 50645[U] [App Term, 1st Dept 2003]), and there has been no
allegation that there was a sublease or assignment between tenant and occupant, so much of the
petition as seeks to recover possession against occupant based on an illegal sublet must be
dismissed. 
Accordingly, the final judgment, insofar as appealed from, is reversed, so much of the
petition as seeks to recover possession from occupant based upon the termination of the lease on
the ground of an illegal sublet is dismissed, and the matter is remitted to the City Court for all
further proceedings with respect to landlord's nuisance claim. 
RUDERMAN, J.P., TOLBERT and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 12, 2020