Catlin v Nick & Duke, LLC (2023 NY Slip Op 50652(U))

[*1]

Catlin v Nick & Duke, LLC

2023 NY Slip Op 50652(U) [79 Misc 3d 127(A)]

Decided on July 3, 2023

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 3, 2023
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Brigantti, J.P., Michael, James, JJ.

570094/23

Robin Catlin and Joseph Stevens,
Petitioners-Respondents, 
against
Nick & Duke, LLC,
Respondent-Appellant.

Respondent Nick & Duke, LLC appeals from an order of the Civil Court of the
City of New York, New York County (Jean T. Schneider, J.), entered April 20, 2022,
which denied its motion to dismiss the petition, and from an order (same court and
Judge), dated May 23, 2022, after a nonjury trial, restoring petitioners to possession of
the subject premises in a special proceeding brought pursuant to RPAPL 713(10).

Per Curiam.
Appeal from order (Jean T. Schneider, J.), dated May 23, 2022, deemed an appeal
from the final judgment (same court and Judge), entered on or about the same date, and
so considered (see CPLR 5520[c]), final judgment affirmed, with $25 costs.
Appeal from order (Jean T. Schneider, J.), entered April 20, 2022 dismissed, without
costs, as subsumed in the appeal from the final judgment.
Petitioners, the long-term rent stabilized tenants of an SRO unit, Room 319 at 184
11th Avenue in Manhattan, commenced this RPAPL 713(10) proceeding to be restored
to possession. It is not disputed that petitioners previously temporarily relocated from
Room 319 to apartments on West 53rd Street, pursuant to written agreements with the
building's net lessee, in anticipation of a planned gut renovation of the 11th Avenue
building into affordable housing. 
Despite petitioners' relocation for several years, the net lessee's planned gut
renovation of the 11th Avenue building ultimately did not occur. Before the net lessee
surrendered the building back to respondent building owner, the then managing agent
returned the keys to Room 319 to petitioners, notified them in writing of their right to
return and explicitly informed them that it was "effectively restoring [them] to full
possession of [their] original unit." As the trial court found, petitioners then "visited the
hotel regularly, entered the building and Room 319 with the keys provided..., took some
of their belongings to Room 319, put their names on the mailbox and collected their
mail." Due to the poor condition of the premises, however, petitioners commenced an HP
proceeding against respondent. When petitioners notified respondent owner of their plan
to move back to the apartment, respondent barred petitioners from the building under
threat of arrest and/or criminal prosecution. This illegal lockout proceeding ensued.
Giving due deference to the trial court's express findings of fact and credibility, we
find no basis to disturb the court's determination that petitioners demonstrated
entitlement to be [*2]restored to possession of the
underlying rent stabilized unit, since the record establishes that petitioners were at least
in "constructive possession" (RPAPL 713[10]) of the unit at the time respondent
excluded them from the premises and had not abandoned or surrendered any leasehold or
possessory interest they had in the unit (see Banks v 508 Columbus Props., 8 Misc 3d 135[A], 2005
NY Slip Op 51189[U] [App Term, 1st Dept 2005]; Wilson v Raput LLC, 60 Misc 3d 1213[A], 2018 NY Slip
Op 51098[U] [Civ Ct, Bronx County 2018]). Thus, petitioners could not be ousted
without legal process and were entitled to relief under RPAPL 713(10) (see Parker v Howard Ave. Realty,
LLC, 56 Misc 3d 15 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2017]).
Under the circumstances, petitioners' signing of stabilized renewal leases to their
relocation apartments, acts that were expressly required by the terms of the temporary
relocation agreements, did not extinguish their tenancy rights in the subject premises
(see Rent Stabilization Code [9 NYCRR] § 2520.6[j]). 
We have considered respondent's remaining arguments, including its claim that it did
not receive a fair trial, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: July 3, 2023